PER CURIAM.
Marcio Sopeña (“Sopeña”) appeals an order denying Sopena’s motion for attorney’s fees and costs following a voluntary dismissal by Rowland Coffee Roasters (“Rowland”).
Initially, we note that an order denying or awarding attorney’s fees and costs after a voluntary dismissal is properly reviewed by petition for writ of certiorari. See Chatlos v. City of Hallandale, 220 So.2d 353, 354 (Fla.1968); O.A.G. Corp. v. Britamco Underwriters, Inc., 707 So.2d 785, 786 (Fla. 3d DCA 1998). We therefore treat this appeal as a petition for writ of certiorari, grant the petition, and quash the order of the trial court.
Rowland first argues that Sopeña lost the right to attorney’s fees by virtue of his failure to plead same. We disagree. The exception noted in Stockman v. Downs, 573 So.2d 835, 838 (Fla.1991), is applicable in this case, as Rowland by its conduct recognized or acquiesced to that claim, or otherwise failed to object to the failure to plead entitlement, and thus waived any objection to the failure to plead a claim for attorney’s fees. Id.; see also, Laguna Palms Properties, Ltd. v. Long, 622 So.2d 556, 557 (Fla. 3d DCA 1993).
Moreover, Sopeña is entitled to attorney’s fees as the prevailing party under the employment contract. “In general, when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party.” Thornber v. City of Ft. Walton Beach, 568 So.2d 914, 919 (Fla.1990); see also, Stuart Plaza, Ltd. v. Atlantic Coast Development Corp., 493 So.2d 1136, 1137 (Fla. 4th DCA 1986); McKelvey v. Kismet, Inc., 430 So.2d 919, 922 (Fla. 3d DCA 1983). The litigation had concluded in this case, and Sopeña was the prevailing party. The dismissal by Rowland was not a strategic determination. See Wilson v. Rose Printing Co., 624 So.2d 257, 258 (Fla.1993); Simmons v. Schimmel, 476 So.2d 1342, 1345 (Fla. 3d DCA 1985). It is apparent from the record that it was related to the merits of the case, as none of the witnesses listed by Rowland displayed any knowledge of any of the allegations of the complaint in their depositions. Accordingly, we hold that Sopeña was the prevailing party after the voluntary dismissal by Rowland. We therefore grant the petition for writ of certiorari, quash the or *801 der of the trial court, and remand for further proceedings.