Unified Judicial System

 

 
  
JO LANDSTROM NOBLE,
individually and as guardian ad litem
|for her minor daughter Katheryn E. Drenker,
and Kara Dee Drenker,
Plaintiffs and Appellants,
v.
INEZ L. SHAVER,
Special Administrator of the Estate of J. Milton P. Shaver,
Jack Devereaux, Constance J. Drew,
and Black Hills Jewelry Manufacturing Co.,
a South Dakota Corporation,
Defendants and Appellees.
[1998 SD 102]
South Dakota Supreme Court
Appeal from the Seventh Judicial Circuit, Pennington County, SD
Hon. Jeff W. Davis, Judge
#20235--Affirmed in part; Reversed in part
Terence R. Quinn, Michael P. Reynolds
Quinn, Eiesland, Day & Barker, Belle Fourche, SD
Gordon W. Netzorg, J. Nicholas McKeever Jr.
Netzorg & McKeever, Denver, CO
Attorneys for Plaintiffs and Appellants.
James E. Moore, Woods, Fuller, Shultz & Smith, Sioux Falls, SD
John Paul Martin, Hessian & McKasy, Minneapolis, MN
Attorneys for Defendant and Appellee Shaver.
Michael L. Luce, Timothy M. Gebhart
Davenport, Evans, Hurwitz & Smith, Sioux Falls, SD
Richard S. Mandelson, Casandra G. Sasso
Baker & Hostetler, Denver, CO
Attorneys for Defendant and Appellee Devereaux.
Jean M. Massa, Jensen & Massa, Winner, SD
Mark V. Meierhenry, Danforth, Meierhenry & Meierhenry, Sioux Falls, SD
Attorneys for Defendant and Appellee Drew.
Jerry D. Johnson, Banks, Johnson, Colbath & Kerr, Rapid City, SD
Attorneys for Defendant and Appellee Black Hills Jewelry.
Argued Jun 1, 1998; Opinion Filed Aug 26, 1998
MILLER, Chief Justice.
[Â¶1] This is the second time this case has been appealed to this Court. In this appeal, we hold that the trial court, on remand, erred in requiring Landstrom(fn1)  to file a new lawsuit to pursue her derivative claims, and in allowing the other directors of the corporation to be indemnified. We further hold that the trial court did not err in refusing to enter a judgment on Landstrom's derivative claims and in not awarding costs.
FACTS 
[Â¶2] The facts of this litigation are fully stated in our opinion in Landstrom v. Shaver, 1997 SD 25, 561 NW2d 1 (Landstrom I). However, for purposes of this appeal, it is necessary to briefly reiterate what occurred at the original trial and in our disposition on the first appeal. It is also necessary to outline how the trial court ruled after remand.
[Â¶3] Jo Landstrom is a minority shareholder in Black Hills Jewelry Manufacturing Company (BHJMC). She brought suit against the remaining shareholders in BHJMC: Milt Shaver, Jack Devereaux, and Constance Drew. The case proceeded to trial on her equitable claim of shareholder oppression and legal claims of breach of fiduciary duty, tortious interference with prospective economic advantage, negligent misrepresentation, and negligence.
[Â¶4] Under Landstrom's equitable claim of oppression, the trial court ordered Devereaux and Drew to purchase Landstrom's minority interest in BHJMC for $8.4 million. The jury found that Shaver, Drew, and Devereaux had intentionally interfered with Landstrom's business relations and expectancies, and awarded $10 million in damages. The jury also found Shaver breached a fiduciary duty to Landstrom and awarded damages of $4 million. The jury also awarded $4 million to Landstrom, because it found that Shaver, Drew, and Devereaux breached their fiduciary duty to her by improperly directing BHJMC. Another $3 million in damages was awarded to Landstrom, based on a claim that Shaver made negligent misrepresentations to her; however, the trial court remitted this award because it was duplicative of the damages for breach of the fiduciary duty by Shaver. The jury also found that Shaver, Drew, and Devereaux were negligent in failing to properly direct the company, but determined that no additional damages had been proved.
[Â¶5] On appeal, there were seven issues presented for our consideration. Under the first issue, we held the trial court properly joined Landstrom's legal and equitable claims. We reversed the trial court on the second issue, holding that it had erred in determining Landstrom had been oppressed. Under the third issue, we held that "it was error for the trial court to allow Landstrom individual recovery rather than to pursue a derivative claim against the defendants for failure to properly direct BHJMC." (We thus reversed the $4 million verdict on that issue.) On the fourth issue, we held Landstrom had failed to prove essential elements of tortious interference with a business relationship or expectancy. On the fifth issue, we ruled Shaver did not breach a fiduciary duty to Landstrom by failing to disclose the veto power provision in their buy-sell agreement. We also held under the sixth issue that the trial court did not err in determining the $3 million negligence award was duplicative. Finally, under the seventh issue, we held the trial court erred in holding that the individual defendants were not entitled to indemnification from BHJMC.
[Â¶6] In Landstrom I, we specifically stated: "We affirm on issues one and six and reverse the remaining issues. The case is remanded to the trial court for further proceedings consistent with a derivative action should Landstrom elect to pursue it." Landstrom I, 1997 SD 25, Â¶99, 561 NW2d at 20.
[Â¶7] On remand, all parties filed several motions. Landstrom filed a motion for entry of a derivative judgment in favor of BHJMC for $51 million. Landstrom also filed a motion for leave to file a fifth amended complaint, which removed all claims for direct relief and left only the derivative claims. The defendants filed an application and a supplemental application for taxation of costs. They also proposed a judgment which included dismissing Landstrom's entire case with prejudice, awarding costs to defendants, and allowing indemnification for Shaver, Devereaux, and Drew.
[Â¶8] Two hearings were held on these motions. The trial court then entered a judgment of dismissal, which generally ordered:


(1) That Landstrom's legal and equitable claims against Shaver, Devereaux, and Drew be dismissed with prejudice;
(2) That Landstrom's derivative claims be dismissed, without prejudice, so they may be pursued;
(3) That Shaver, Devereaux, and Drew be entitled to indemnification from BHJMC for the attorney fees, costs and expenses incurred by them in defending against the legal and equitable claims of Landstrom and the indemnification claims of BHJMC;
(4) That, as a result of our decision in Landstrom I, no party was a prevailing party under SDCL 15-6-54(d) for purposes of taxing costs;
(5) That Landstrom's Motion for Entry of Derivative Judgment be denied;
(6) That Landstrom's Motion to Amend Complaint in the form of a Fifth Amended Complaint be denied.
The parties appeal.(fn2) 
DECISION 
[Â¶9] 1. The trial court erred in requiring Landstrom to file a new lawsuit to pursue her derivative claims.
[Â¶10] Landstrom argues the trial court erred in requiring her to file a new lawsuit, rather than letting her proceed with her derivative claims in the current suit, or at least allowing her to amend her complaint to include only her derivative claims. We agree.
[Â¶11] In Landstrom I we held "it was error for the trial court to allow Landstrom individual recovery rather than to pursue a derivative claim against the defendants for failure to properly direct BHJMC." 1997 SD 25, Â¶68, 561 NW2d at 15. We then later stated that the "case is remanded to the trial court for further proceedings consistent with a derivative action should Landstrom elect to pursue it." Id., Â¶99, 561 NW2d at 20. On remand, the trial court dismissed Landstrom's derivative claims without prejudice so that she could pursue them in a new action. The trial court's rationale for dismissing the derivative claims was: "It's done for the purpose of that a derivative action is entirely separate in the manner in which it's pled, discovered, noticed and tried from the personal action ... . [I]f it's going to be a derivative action, in my mind, it needs to be purely presented that way, which would demand a fresh start."
[Â¶12] With the exception of her original complaint, Landstrom has included an alternative claim for derivative relief in her first, second, third, and fourth amended complaints. SDCL 15-6-18(a) states that: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join ... as alternate claims, as many claims, legal or equitable, as he has against an opposing party." (Emphasis added.) Therefore, Landstrom was well within her right to plead for direct relief or in the alternative derivative relief "should the trial court find it necessary."
[Â¶13] Some of the defendants argue that Landstrom should not be able to proceed with her derivative claims because the doctrine of election of remedies prevents her from now seeking such relief. They argue that she elected to pursue a direct claim and that, being unsuccessful, she should not be allowed to now bring a derivative action. We do not agree. Landstrom sought alternative relief in her pleadings. In those pleadings she stated that she would seek derivative relief should the trial court determine she could not proceed directly. The defendants brought a motion to require Landstrom to have to proceed on a derivative basis, rather than directly. It was the trial court that determined she could proceed directly, and it was the trial court's decision we held was in error in Landstrom I. Therefore, the doctrine of election of remedies is inapplicable.
[Â¶14] Some of the parties also argue on cross appeal that Landstrom should be barred by the doctrine of res judicata. In Landstrom I, we did not reach the merits of the cause of action grounded on failure to properly direct BHJMC. Rather, we merely decided that claim should be brought as a derivative one, not a direct one. Therefore, Landstrom is not barred by res judicata.
[Â¶15] The purpose of pleadings is to give notice. See Kroupa v. Kroupa, 1998 SD 4, Â¶17, 574 NW2d 208, 211 (stating that "[w]e have held that 'the purpose of pleadings is to establish the issues to be tried and to advise the opposing party of the allegations and evidence that must be met.'"). Since Landstrom has included her alternative claims for derivative relief from nearly the beginning, all parties were on notice that it was a possibility. Indeed, it was the defendants themselves that argued Landstrom should not be able to recover damages as an individual, asserting she should be required to proceed derivatively. We can see no reason, and the trial court did not articulate, why a new lawsuit is necessary.
[Â¶16] It is true that it may be confusing to allow the case to proceed on the original complaint, because many of the issues, including the direct action claims, have been disposed of. However, the trial court should have granted Landstrom's motion to amend the complaint for a fifth time. Landstrom's fifth amendment to her complaint merely sought to clarify the action. She eliminated all the issues previously decided, and sought only derivative claims for breach of a fiduciary duty in failing to properly direct the company, as well as negligence in failing to properly direct the company.
[Â¶17] Amendments are to be freely granted when justice so requires. See Jordan v. Duprel, 303 NW2d 796 (SD 1981) (holding: "SDCL 15-6-15(a) provides that amendments should be 'freely given when justice so requires.'"). Justice requires that Landstrom be allowed to proceed in this case on derivative claims which she has always pled. The trial court erred when it did not allow her to amend her complaint. Requiring Landstrom to start over with an entirely new action and all the pretrial processes that go with it is unnecessary and wastes both time and money.(fn3) 
[Â¶18] 2. The trial court did not err in refusing to enter a judgment on Landstrom's derivative claims.
[Â¶19] Landstrom argues that the trial court should be ordered to enter a judgment for derivative relief in the amount of $51 million. She argues that, based on the jury's findings from the first trial, a diminution in value of the company of $51 million was established, and nothing in our opinion in Landstrom I disturbs those findings.
[Â¶20] Landstrom's position is unfounded. The record does not support entry of a judgment for $51 million on her derivative claims. We reversed many of the jury's and court's findings that were originally in her favor. Landstrom, in part, relies on the jury's advisory verdict to the trial court on her equitable claim of oppression. We reversed and held that Landstrom had failed to establish oppression. We also reversed the jury's award of $10 million for tortious interference with business relations and expectancies, and its award of $4 million for breach of a fiduciary duty by Shaver to Landstrom. We, likewise, reversed the jury's award for failure to properly direct the company, not because we addressed the merits of the claim, but only because it should have proceeded as a derivative action.
[Â¶21] Further, the trial court, in denying Landstrom's motion for a judgment of $51 million, properly noted that it could not merely enter judgment on the derivative claims, because a jury may look differently at the claim, and the evidence would be presented and the jury instructed a little differently.
[Â¶22] This case must be allowed to proceed on Landstrom's derivative claims for failure to properly direct the company. The only way to determine the appropriate damages, if any, is to present the case to a jury for its determination.
[Â¶23] 3. The trial court erred in entering judgment allowing indemnification.
[Â¶24] The trial court, on remand, allowed Shaver, Devereaux, and Drew to be indemnified. Landstrom claims this was error, and we agree. In Landstrom I, we held: "Given the fact we have reversed the causes of action which formed the basis for the denial of indemnification of the shareholder Defendants, the trial court's refusal to allow indemnification by BHJMC is also reversed." 1997 SD 25, Â¶98, 561 NW2d at 20. The trial court, on remand, held that this holding meant the directors were automatically entitled to indemnification. This was error, given our disposition of the first issue in this appeal. Our disposition in Landstrom I reversed all the claims that formed the basis of any bad faith claims. However, this suit is not over and it could still be found that the directors acted in bad-faith in failing to properly direct the company. An indemnification award at this time is premature pending the outcome of the derivative suit.
[Â¶25] 4. The trial court did not err in determining the defendants were not a prevailing party entitled to costs.
[Â¶26] SDCL 15-17-1, repealed by 1992 SDSessL ch 148, Â§26, was in effect when this case was originally filed and, therefore, governs this issue. See Schrader v. Tjarks, 522 NW2d 205, 213 (SD 1994). That statute provided: "In civil actions ... there may be allowed to the prevailing party certain sums by way of indemnity for his expenses in the action or proceeding, which allowances are termed 'costs.'" (Emphasis added.) The trial court decided that no party was a "prevailing party," based on our decision in Landstrom I, and thus did not award costs. "The prevailing party is the party in whose favor the decision or verdict is or should be rendered and judgment entered." Strand v. Courier, 434 NW2d 60, 65 (SD 1988).
[Â¶27] At this time there is no prevailing party in this case. There are still issues to be decided under the derivative claims. The trial court was correct in so holding.
[Â¶28] Affirmed in part, and reversed and remanded in part.
[Â¶29] AMUNDSON, KONENKAMP, and GILBERTSON, Justices, and TRANDAHL, Circuit Judge, concur.
[Â¶30] TRANDAHL, Circuit Judge, sitting for SABERS, Justice, disqualified.
Footnotes
1.  Since this case was first appealed, the plaintiff and appellant Jo Landstrom has changed her name to Jo Landstrom Noble. For ease of reference and consistency, we will continue to refer to her as Landstrom. 
2.  Landstrom has also filed a new action for derivative relief, based on the trial court's dismissal of her earlier one. The disposition of that new case is awaiting this appeal. 
3.  The defendants also argue that Landstrom failed under SDCL 15-6-23.1 to properly plead her derivative action. They mainly argue she did not show that she did not make a demand on the directors because it would have been futile. They first argue that under Landstrom's fifth amended complaint, she has failed to show futility because there is a new board of directors and the original players no longer control it. However, futility is measured when a case is filed. See In re Storage Technology Corp. Securities Litigation, 804 FSupp 1368, 1376 (DColo 1992) (citation omitted); see also Fletcher's Cyclopedia of Corporations, Volume 13 Â§5965 at 40 (1995) (cited in BHJMC's brief and stating: "[A] court must determine whether or not the particularized factual allegation of a derivative shareholder complaint creates a reasonable doubt that, as of the time the complaint is filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to demand.") (Emphasis added.) It is clear that, at the time the complaint was filed, demand would have been futile. See Loftus v. Farmers' Shipping Ass'n, 8 SD 201, 204-05, 65 NW 1076, 1078 (1896).