1999 SD 69

**Calvin MICHLITSCH, Plaintiff and Appellee,**

v.

**Michael MEYER, Defendant and Appellant.**

**No. 20717.**

Supreme Court of South Dakota.

Considered on Briefs March 25, 1999.

Decided June 9, 1999.

Leon J. Vander Linden of Delaney, Vander Linden & Delaney, Webster, for plaintiff and appellee.

Reed Rasmussen of Siegel, Barnett & Schutz, Aberdeen, for defendant and appellant.

MILLER, Chief Justice.

[¶ 1.] This is an appeal from the trial court's denial of Meyer's application for costs, disbursements, and attorney fees. We affirm in part and reverse and remand in part.

### FACTS

[¶ 2.] The underlying litigation involving these parties stems from a July 29, 1993 confrontation between Calvin Michlitsch and Michael Meyer at the American Legion Club in Webster, South Dakota. The parties' stories conflict as to what transpired at the Club. Michlitsch claims that Meyer severely beat him, while Meyer

claims that Michlitsch tripped and fell while following him.

[¶ 3.] As a result of the incident, Meyer was charged with simple assault, a Class 1 misdemeanor under SDCL 22–18–1(5). He entered a plea of nolo contendere in magistrate court and was sentenced on March 22, 1994.[1]

[¶ 4.] In July 1995, Michlitsch filed a civil action against Meyer, arising out of the July 1993 incident, claiming serious bodily injury and significant medical expenses. He alleged he suffered pain and discomfort from numerous wounds, bruises, contusions, and abrasions, a broken dental bridge, and an abscessed tooth. He also alleged he experienced difficulties with his vision and hearing, numbness in his arms and face, back pain, frequent urination and insomnia. Michlitsch specifically denied any subsequent similar altercations, except for having been slapped a couple times while at the Club in Webster.

[¶ 5.] The civil trial was scheduled to commence on May 27, 1998. On May 12, Michlitsch's counsel informed Meyer's counsel that the Webster Police Department had discovered photographs showing a severely beaten Michlitsch that had been taken following the July 1993 incident. However, on approximately May 21, the police determined that these photos were not taken after the July 1993 incident, but rather were taken following a December 1993 incident, an event in which Meyer was not involved.

[¶ 6.] Dr. William Smith, Michlitsch's medical expert, initially testified by deposition that Michlitsch's injuries were attributable to the July 1993 incident with Meyer. However, after viewing the December 1993 photographs of Michlitsch, Dr. Smith

stated that he could no longer determine the source of Michlitsch's injuries.

[¶ 7.] On May 29, 1998, Michlitsch voluntarily dismissed the suit. On June 4, Meyer filed an application for an award of costs, disbursements and attorney fees. After a hearing, the trial court denied the application.

[¶ 8.] Meyer raises the following issues on appeal:

1. Whether Meyer was the prevailing party and, thus, entitled to recover costs and disbursements under SDCL 15–17–37.

2. Whether the trial court erred in denying Meyer an award for attorney fees.

3. Whether the trial court erred in considering Meyer's nolo contendere plea.

## DECISION

[¶ 9.] **1. The trial court did not err in denying Meyer recovery for disbursements.**

[¶ 10.] We review an award of disbursements under an abuse of discretion standard. *Schuldies v. Millar*, 1996 SD 120, ¶ 35, 555 N.W.2d 90, 100 (citing *High Plains Genetics Research, Inc. v. JK Mill–Iron Ranch*, 535 N.W.2d 839, 846 (S.D.1995)). " 'Abuse of discretion' is discretion not justified by, and clearly against, reason and evidence." *Nelson v. Nelson Cattle Co.*, 513 N.W.2d 900, 906 (S.D.1994) (citing *Dacy v. Gors*, 471 N.W.2d 576, 580 (S.D.1991)). "The test is whether a judicial mind, in view of the law and circumstances, could reasonably have reached the [same] conclusion." *Id.*

[¶ 11.] Meyer advances two arguments to support his claim that the trial court

---

1. Meyer was ordered to pay costs in the amount of $26.50 and was sentenced to sixty days in the county jail. The jail sentence was suspended upon the following conditions and terms:

  (1) Meyer must have no further violations of the law for one year;

  (2) He must pay court costs; and

  (3) If Michlitsch obtained, through civil proceedings, a judgment or stipulated settlement for restitution entered in connection with the incident, Meyer would be required to pay either the judgment or the stipulated restitution.

abused its discretion in denying him recovery for disbursements. First, he claims that he became the prevailing party in the action when Michlitsch voluntarily dismissed it. He then argues that as the prevailing party he is entitled, as a matter of law, to recover disbursements under SDCL 15–17–37. We disagree.

■ [¶ 12.] The prevailing party in an action is "'the party in whose favor the decision or verdict is or should be rendered and judgment entered.'" *Noble v. Shaver,* 1998 SD 102, ¶ 26, 583 N.W.2d 643, 648 (quoting *Strand v. Courier,* 434 N.W.2d 60, 65 (S.D.1988)); *City of Aberdeen v. Lutgen,* 273 N.W.2d 183, 185 (S.D. 1979). Generally, "when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party." *Sopena v. Rowland Coffee Roasters, Inc.,* 716 So.2d 799, 800 (Fla.App. 3 Dist.1998) (citations omitted); 20 Am.Jur.2d *Costs* § 22 (1995). Here, Michlitsch voluntarily dismissed the action; therefore, we find Meyer to be the prevailing party.

■ [¶ 13.] Meyer claims that as the prevailing party he is entitled to disbursements under SDCL 15–17–37. We disagree. Achieving prevailing party status does not require a trial court to grant recovery for disbursements.

[¶ 14.] SDCL 15–17–37 provides in pertinent part:

> The prevailing party in a civil action or special proceeding may recover expenditures necessarily incurred in gathering and procuring evidence or bringing the matter to trial.... These expenditures are termed "disbursements[.]"

■ [¶ 15.] Clearly, SDCL 15–17–37 does not provide the court discretion to deny the recovery of disbursements. However, the court is granted such discretion in SDCL 15–17–52 and SDCL 15–17–

53.[2] Here, when denying recovery, the trial court stated "I find no innocence on either side[.]" The record supports the court's statement. Therefore, we cannot say that the trial court's denial was clearly against reason and evidence or that a judicial mind, in view of the law and circumstances, could not have reasonably reached the same conclusion. We find no abuse of discretion.

[¶ 16.] **2. The issue of whether the trial court erred in denying Meyer recovery for attorney fees under SDCL 15–17–51 must be remanded for the entry of findings and conclusions.**

■ [¶ 17.] This Court has stated that "[a] court may award attorney's fees to a party to an action only in those cases where it is specifically provided for by statute." *Hartman v. Wood,* 436 N.W.2d 854, 857 (S.D.1989); *see* SDCL 15–17–38. Meyer claims that SDCL 15–17–51 specifically provides the statutory support necessary to allow his claim for an award of attorney fees.

[¶ 18.] SDCL 15–17–51 governs the awarding of attorney fees when a frivolous or malicious civil action is dismissed. It provides as follows:

> If a civil action ... is dismissed and if the court determines that it was frivolous or brought for malicious purposes, the court shall order the party whose cause of action or defense was dismissed to pay part or all expenses incurred by the person defending the matter, including reasonable attorneys' fees.

■ [¶ 19.] This Court has defined a frivolous claim or defense as one where "'the proponent can present no rational argument based on the evidence or law in support of the claim or defense.'" *See Hartman,* 436 N.W.2d at 857 (quoting *Western United Realty, Inc. v. Isaacs,* 679

---

2. SDCL 15–17–52 provides:
   The court may limit the taxation of disbursements in the interests of justice.
   SDCL 15–17–53 provides:

The court may reduce or disallow a taxation of disbursements that would be oppressive or work a hardship.

P.2d 1063, 1069 (Colo.1984)). This does not apply to "'meritorious actions that prove unsuccessful, legitimate attempts to establish a new theory of law, or good-faith efforts to extend, modify, or reverse existing law.'" *Id.* In addition, although this Court has not defined malicious in the context of this statute, we have defined it in malicious prosecution actions as "'one that is begun in malice, and without probable cause to believe it can succeed, and which finally ends in failure.'" *Specialty Mills v. Citizens State Bank,* 1997 SD 7, ¶ 9, 558 N.W.2d 617, 620 (quoting *Kunz v. Johnson,* 74 S.D. 577, 582, 57 N.W.2d 116, 119 (1953) (citation omitted)).

[¶ 20.] Unfortunately, the trial court failed to enter findings as to the frivolity or maliciousness of the action. We have previously stated that when a trial court is ruling on the application for attorney fees, it must, for meaningful appellate review, enter findings of fact and conclusions of law. *Hartman,* 436 N.W.2d at 857 (citing *Commissioners of Jefferson County v. Auslaender,* 745 P.2d 999 (Colo. 1987)). We find that we are in no position to determine the issue without remanding to the trial court to enter such findings and conclusions.

[¶ 21.] **3. The trial court erred in considering Meyer's nolo contendere plea when denying his application for costs, disbursements and attorney fees.**

[¶ 22.] SDCL 19–12–12 governs the admissibility of a plea of nolo contendere in civil proceedings and places evidentiary limitations on such a plea. It provides in pertinent part:

> [E]vidence of a ... plea of nolo contendere ... to the crime charged or any other crime ... is not admissible in any civil or criminal proceeding against the person who made the plea.... However, a ... plea of nolo contendere ... is admissible in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record, and in the presence of counsel.

[¶ 23.] This Court has previously addressed the admissibility of nolo contendere pleas in civil proceedings and found that in certain proceedings such pleas are inadmissible. *See Berry v. Risdall,* 1998 SD 18, ¶ 33 n. 5, 576 N.W.2d 1, 9 n. 5 (1998) (trial court granted defendant's motion in limine to prevent the admission of his nolo contendere plea at a punitive damages hearing); *Olson v. Judd,* 534 N.W.2d 850, 853 (S.D.1995) (rejecting plaintiff's argument that defendant's nolo contendere plea was admissible to establish a statutory violation that demonstrated negligence as a matter of law). However, we have not addressed the consideration of such a plea in a hearing for the application of costs, disbursements and attorney fees where the plaintiff voluntarily dismissed the suit.

[¶ 24.] Meyer claims that SDCL 19–12–12 prohibits the consideration of a nolo contendere plea in a hearing on the application of costs, disbursements and attorney fees. We agree.

[¶ 25.] A hearing regarding the recovery of disbursements and attorney fees is clearly a type of civil action contemplated in the statute. Therefore, we find that it is inappropriate in a hearing for the recovery of costs, disbursements, and attorney fees for the trial court to consider a nolo contendere plea to assist it in exercising its discretion. Thus, the trial court erred in considering Meyer's plea of nolo contendere.

[¶ 26.] We, therefore, affirm in part and reverse and remand in part for consideration consistent with this opinion.

[¶ 27.] KONENKAMP and GILBERTSON, Justices, concur.

[¶ 28.] SABERS and AMUNDSON, Justices, concur in part and dissent in part.

SABERS, Justice (concurring in part and dissenting in part).

[¶ 29.] I concur on Issues 2 and 3 but dissent on Issue 1.

[¶ 30.] SDCL 15–17–37 provides in part that "[t]he prevailing party in a civil action ... may recover expenditures necessarily incurred[.]" Meyer is the prevailing party and these expenditures were "necessarily incurred in gathering and procuring evidence or bringing the matter to trial."

[¶ 31.] The option to recover disbursements under this statute is given to the prevailing party, not to the trial court or the Supreme Court. SDCL 15–17–37; *Eccleston v. State Farm Mut. Auto. Ins. Co.*, 1998 SD 116, ¶ 31, 587 N.W.2d 580, 584 (finding that the SDCL 15–17–54 language "may tax" provides the trial court no discretion in granting or denying the taxation of costs.).

[¶ 32.] The reason the word "may" is used instead of "must" or "shall" is that, in some cases, the amount of disbursements may be so small as to not warrant the time, trouble, and expense of attempting to recover them. However, that does not make the awarding of disbursements necessarily incurred discretionary with the trial court.

[¶ 33.] Any discretion to deny the prevailing party his expenditures under SDCL 15–17–52 [3] in the "interests of justice" or under SDCL 15–17–53 [4] if the award of disbursements works an oppression or a hardship is certainly not satisfied by the bare statement of the trial court that "I find no innocence on either side, I'm denying costs."

[¶ 34.] The trial court made no findings of fact or conclusions of law on either point or statute. Both statutes imply a reduction or limitation on taxation of disbursements if they were excessively incurred. Neither statute implies a complete denial of all expenditures.

[¶ 35.] In an opinion filed as recently as May 26, 1999, *Clausen v. Aberdeen Grain*, 1999 SD 66, ¶ 27, 594 N.W.2d 718, 724 (1999) the majority of this court "reverse[d] the trial court's denial of Wheatgrowers' motion for taxation of costs and remand[ed] to the trial court for a determination as to what costs and disbursements Wheatgrowers may be entitled to collect from Clausen." That seems like a waste of time in view of the rule of the majority in this case, which appears to permit the trial court to deny costs without findings of fact simply by saying "nobody's innocent."

[¶ 36.] Under this majority opinion, the trial courts will have open-ended "carte blanche" license to deny *all* expenditures necessarily incurred whether supported by the findings or not. We should reverse and remand for findings to support either the "interests of justice" or "oppression or hardship." Since we are already remanding for other reasons, it would be very simple to follow the law.

AMUNDSON, Justice (concurring in part and dissenting in part).

[¶ 37.] I concur on issues one and three.

[¶ 38.] I dissent on issue two and would not remand back to the trial court. We have previously stated that when a trial court is ruling on the application of attorney fees, it must, for meaningful appellate review, enter findings of fact and conclusions of law. *Hartman v. Wood*, 436 N.W.2d 854, 857 (S.D.1989) (citing *Comm'rs of Jefferson County v. Auslaender*, 745 P.2d 999, 1001 (Colo.1987)). However, we "may decide the appeal without further findings if [we] find that [we are] in a position to do so." *Heikkila v. Carver*, 416 N.W.2d 591, 592 (S.D.1987) (citing

**3.** SDCL 15–17–52 provides:
   The court may limit the taxation of disbursements in the interests of justice.

**4.** SDCL 15–17–53 provides:
   The court may reduce or disallow a taxation of disbursements that would be oppressive or work a hardship.

*Swanson & Youngdale, Inc. v. Seagrave Corp.*, 561 F.2d 171, 173 (8thCir.1977) (citations omitted)). I conclude that, based upon the trial court's remarks, the trial court concluded neither party was innocent. The record confirms this where the defendant assaulted plaintiff, which is not in dispute. The problem is that plaintiff was involved in more than one fracas, which was not disclosed timely. All this does is impact the expert's opinion on what caused plaintiff's alleged injuries. A case in this posture does not equal frivolous or malicious. Therefore, I would affirm the trial court's decision denying Meyer's application for an award of attorney fees and not march these parties back down the hill, simply to have them march right back up at a later date.