2002 SD 91

**Frances I. STRATMEYER and Gary J. Stratmeyer, Plaintiffs and Appellees,**

v.

**Janice ENGBERG, Defendant and Appellant.**

**No. 22214.**

Supreme Court of South Dakota.

Considered on Briefs May 28, 2002.

Decided July 31, 2002.

Daniel W. Lias, Sioux Falls, South Dakota, Attorney for plaintiffs and appellees.

William H. Engberg, Pierre, South Dakota, Attorney for defendant and appellant.

PER CURIAM.

[¶ 1.] Janice Engberg appeals from an order which vacated an award of attorney fees under SDCL 15–17–51, which permits an award of attorney fees against a party who brings a frivolous or malicious action. We affirm.

## FACTS

[¶ 2.] This appeal involves the Stratmeyer family; Frances, the mother, and her children, Gary, Janice and Richard. Gary Stratmeyer and Frances Stratmeyer (Stratmeyer) are plaintiffs in this action and Janice Engberg and Richard Stratmeyer (Engberg) were defendants.

[¶ 3.] In part, this appeal arises from the facts of *Stratmeyer v. Stratmeyer,* 1997 SD 97, 567 N.W.2d 220 (Stratmeyer I). In July 1995, the children of Janice and Richard filed suit against Gary seeking damages for sexual abuse suffered when they were children. *See id.* Three of the plaintiffs, Kathryn, Karla and Richard, were Richard's children. The remaining plaintiff was Janice's son, John. The jury returned verdicts in favor of Richard and John. The jury found and the trial court held that the statute of limitations barred the claims of Kathryn and Karla, who did not appeal that decision. On appeal, this Court affirmed the jury verdicts and judgments. Apparently, the amounts owing under the judgments have not been fully collected and remain unpaid.

[¶ 4.] Prior to the trial in *Stratmeyer I,* Gary and Frances commenced the action underlying this appeal. They filed suit against Janice and Richard claiming assault and battery and intentional infliction of emotional distress. The complaint, filed March 26, 1996, alleged multiple instances of assault and harassment and asked for compensatory damages to be determined at trial, and punitive damages of $150,000 to each plaintiff from each defendant.

[¶ 5.] In the complaint, Stratmeyer alleged that Engberg intentionally knocked Frances down with her car and filed reports with the Department of Social Services alleging abuse of the children by Gary. He alleged that Engberg filed reports with the Minnehaha County law enforcement that Gary was suicidal and homicidal, which caused the police to go to Menards where Gary worked, take him into custody and place him in the "psych ward" at McKennan Hospital for 3 days on an emergency admission. He further alleged that Engberg entered Frances' home and threatened and berated her, denying her use of her telephone, until she was forced to escape and seek the assistance of a friend. He claimed that Engberg made numerous threatening and harassing telephone calls to Frances, jostled and pushed Gary's children in a public restaurant to intimidate and harass Gary and Frances, and continued such harassment and intimidation despite a "protection order" barring her contact with either Gary or Frances.

[¶ 6.] During these proceedings, Richard allegedly set fire to Gary's house. Gary was in the house at the time, but was able to escape. Richard committed suicide shortly thereafter, leaving Janice as the sole defendant in this action.

[¶ 7.] Both sides have been represented by at least three different attorneys throughout this matter. During the involvement of the third attorney representing Stratmeyer, the action was dismissed at Stratmeyer's request on August 18, 2000, the day before the trial would have taken place. By this same order, the trial court ordered that Engberg would recover her taxable costs.

[¶ 8.] On September 15, 2000, Engberg filed an application for costs under SDCL 15–6–54(d) in the amount of $373.07 and, based on a claim that the action was frivolous and/or malicious under SDCL 15–17–51, a request for attorney fees in the amount of $6,271.29. This application was accompanied by an itemized statement. No objection was filed within the ten-day statutory period under SDCL 15–6–54(d), and on October 10, 2000, judgment was entered for costs and attorney fees for the full amount requested.

[¶ 9.] On this same date, Stratmeyer filed an objection to the award, claiming Engberg failed to demonstrate grounds to recover costs and attorney fees. On November 1, Stratmeyer filed a motion to set aside the order based on failure to demonstrate grounds and failure to have a hearing on the issue. The court held a hearing on the motion to set aside and determined that SDCL 15–17–51 and prior caselaw of this Court required it to enter findings regarding the frivolity or maliciousness of the action, which the court had failed to do. The court vacated the attorney fees portion of the award pending a hearing on the issue and entered the award for costs in the amount of $373.07. The amended judgment was filed September 5, 2001.

[¶ 10.] On September 11, Engberg filed a motion to reconsider, noting that under SDCL 15–6–54(d), any objections to an application of costs and disbursements must be filed within 10 days. She argued there was no basis for the court's relieving Stratmeyer of his duty to object within this period and no basis to vacate the award of attorney fees. On September 14, Engberg filed a motion to define the issue, claiming Stratmeyer's request to dismiss his lawsuit was an admission that it was frivolous and that only maliciousness need be addressed at the upcoming hearing.[1]

---

1. In fact, the statute, SDCL 15–17–51, permits attorney fees to be awarded if the action is dismissed and determined to be either frivo-

In response, Gary Stratmeyer filed an affidavit setting forth facts supporting his and his mother's claims in filing the lawsuit. Meanwhile, more fees and costs were incurred by Engberg. Engberg, now on her third attorney, filed an application for taxation of costs and attorney fees in the amount of $14,506.40.

[¶ 11.] A hearing was held September 21, 2001. Witnesses involved in the underlying action for assault and IIED testified. The court found the action had not been frivolously or maliciously filed. It denied attorney fees, but awarded costs and those costs incurred to address additional procedures. Engberg appeals, raising four issues, which we have rephrased.[2]

## STANDARD OF REVIEW

 [¶ 12.] "We review a trial court's ruling on the allowance or disallowance of costs and attorney fees under an abuse of discretion standard." *Eccleston v. State Farm Mut. Auto. Ins. Co.*, 1998 SD 116, ¶ 20, 587 N.W.2d 580, 583 (citing *Fullmer v. State Farm Ins. Co.*, 498 N.W.2d 357, 363 (S.D.1993)).

[¶ 13.] **1. WHETHER THERE IS SUCH A DEFICIENCY IN FACT OR LAW UNDER THIS RECORD THAT STRATMEYER'S CLAIMS MUST BE FRIVOLOUS UNDER SDCL 15–17–51.**

[¶ 14.] SDCL 15–17–51 provides:

If a civil action or special proceeding is dismissed and if the court determines that it was frivolous or brought for malicious purposes, the court shall order the party whose cause of action or defense was dismissed to pay part or all expenses incurred by the person defending the matter, including reasonable attorneys' fees.

In a recent opinion interpreting this statute, this Court stated:

A frivolous action exists when "the proponent can present no rational argument based on the evidence or law in support of the claim. . . ." To fall to the level of frivolousness there must be such a deficiency in fact or law that no reasonable person could expect a favorable judicial ruling. Simply because a claim or defense is adjudged to be without merit does not mean that it is frivolous. Instead, frivolousness "connotes an improper motive or a legal position so wholly without merit as to be ridiculous."

*Ridley v. Lawrence County Comm'n*, 2000 SD 143, ¶ 14, 619 N.W.2d 254, 259 (internal citations omitted).

 [¶ 15.] Stratmeyer sued on claims of civil assault and battery and intentional infliction of emotional distress. The claim of civil assault and battery can be proved if the defendant: "(a) [intended] to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact; and, (b) an offensive contact with the person of the other directly

---

lous *or* brought for malicious purposes; if one is proven, the other need not be.

**2.** In her brief, Engberg defines the issues as follows:
1. Under SDCL 15–17–51, is an action frivolous if there is no evidence, other than the plaintiffs' assertion, to support the allegations contained in the complaint?
2. Under SDCL 15–17–51, is an action malicious if there is no evidence, other than the plaintiffs' statement, to support the allegations contained in the complaint, and there is a factual history on which a conclusion of malice can be based?
3. May a Circuit Court grant relief from a default judgment on the basis of excusable neglect when there is no supporting evidence of excusable neglect?
4. Appellate Attorney Fees

or indirectly results. Restatement (Second) of Torts § 18." *Reeves v. Reiman*, 523 N.W.2d 78, 82 (S.D.1994). "[T]he victim need not show a specific intent or design to cause the contact or to cause any singular and intended harm. What is forbidden is the intent to bring about the result which invades another's interests in a manner that the law forbids." *Id.* (citing *Frey v. Kouf*, 484 N.W.2d 864, 867 (S.D. 1992)).

[¶ 16.] The claim of intentional infliction of emotional distress requires the following elements: "(1) extreme and outrageous conduct by the defendant; (2) that the defendant intended to cause severe emotional distress; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) severe emotional distress must result." *Christians v. Christians*, 2001 SD 142, ¶ 23, 637 N.W.2d 377, 382 (citing *French v. Dell Rapids Community Hospital, Inc.*, 432 N.W.2d 285, 289 (S.D.1988) (citation omitted)).

[¶ 17.] The trial court found Stratmeyer's lawsuit was not frivolous. A rational argument for assault and IIED can be made based upon the facts alleged in the complaint and supported by testimony at the September 21, 2001 hearing. Whether Stratmeyer could have proven his claims is not the test when determining whether the action was frivolous. *Ridley*, 2000 SD 143 at ¶¶ 14–15, 619 N.W.2d at 259. Abandonment of his case is not the sole factor in the determination. *Id.* Engberg claims the court erred because she denies Stratmeyer's claims and because no medical damages were shown. "Simply because a claim or defense is adjudged to be without merit does not mean that it is frivolous." *Id.* at ¶ 14 (citation omitted).

[¶ 18.] The court's decision to deny a motion for attorney fees is reviewed under an abuse of discretion standard. *Fullmer*,

498 N.W.2d at 363 (citation omitted). Since Engberg has not proven that the action was frivolous, she has not shown an abuse of the trial court's discretion.

[¶ 19.] **2. WHETHER ENGBERG HAS PROVEN THAT STRATMEYER'S CLAIM WAS BROUGHT FOR MALICIOUS PURPOSES.**

[¶ 20.] Under the same statute quoted above, this Court has held that an action is malicious if it " 'is begun in malice, and without probable cause to believe it can succeed, and which finally ends in failure.' " *Michlitsch v. Meyer*, 1999 SD 69, ¶ 19, 594 N.W.2d 731, 735 (quoting *Specialty Mills v. Citizens State Bank*, 1997 SD 7, ¶ 9, 558 N.W.2d 617, 620) (citation omitted)).

> Malice "exists when the proceedings are instituted primarily for an improper purpose." An improper purpose occurs in situations where:

> the plaintiff in the original action was actuated by any unjustifiable motive, as where he did not believe his claim would be held valid, or where his primary motive was hostility or ill will, or where his sole purpose was to deprive the defendant of a beneficial use of his property or to force a settlement having no relation to the merits of the claim.

*Manuel v. Wilka*, 2000 SD 61, ¶ 39, 610 N.W.2d 458, 465 (internal citations omitted).

[¶ 21.] This is a closer question. The brief record before this Court indicates a history of hostility or ill will between the family members. Besides the obvious difficulties within a family where sexual molestation of children occurs by a family member, when these allegations first arose in this family, Frances sided with Gary against her other children and grandchildren and refused to believe he was guilty. However, the trial court found

the lawsuit was not instituted for an improper purpose. This is supported by testimony at the hearing. Although an order was not produced, Stratmeyer and his second attorney were under the impression that the judge had issued a protection order, or at least admonished the parties to stay away from one another. Engberg and Richard failed to do so and the actions complained of in the assault and IIED lawsuit occurred after the no contact order was presumed by Stratmeyer to be filed. Stratmeyer testified that, by filing this lawsuit, he was using the judicial system to end the ongoing harassment and only dismissed the action after Richard's suicide.

[¶ 22.] It is not this Court's role to re-examine a trial court's credibility determination as the trial court, having the witnesses before it, is in the best position to make this determination. *Mash v. Cutler*, 488 N.W.2d 642, 653–54 (S.D.1992) ("[D]etermining the credibility of the witnesses is the role of the factfinder. Where the trial court has resolved conflicts in evidence, we cannot change its findings."). Moreover, "the trial court, as well as this Court on appeal, must view the evidence in a light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences that can be drawn from the evidence." *Denke v. Mamola*, 437 N.W.2d 205, 207 (S.D.1989) (citing *Carlson v. First Nat'l Bank*, 429 N.W.2d 463, 466 (S.D.1988) (additional citations omitted)).

[¶ 23.] The trial court found that when Stratmeyer filed his lawsuit, he had a reasonable belief he would prevail, thus supporting a finding that the suit was not filed for an unjustifiable motive. " 'Any doubt about whether or not a legal position is

frivolous or taken in bad faith must be resolved in favor of the party whose legal position is in question.' " *Ridley*, 2000 SD 143 at ¶ 15, 619 N.W.2d at 260 (citation omitted). Engberg has failed to show that the action was brought for a malicious purpose or that the trial court abused its discretion.

[¶ 24.] **3. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING EXCUSABLE NEGLECT FOR STRATMEYER'S FAILURE TO OBJECT TO THE APPLICATION FOR COSTS AND FEES.**

[¶ 25.] Though Engberg refers to this as relief from a default judgment, no default judgment was ever entered in this case.[3] *See* SDCL 15-6-55(a) & (b) (defining and outlining procedure for default judgment). Here, the court found excusable neglect for Stratmeyer's failure to object within the 10–day statutory time limit to Engberg's application for costs and fees as required by SDCL 15-6-54(d). Stratmeyer's objection was filed the same day as the court's judgment awarding costs and fees. Stratmeyer filed a motion to set aside this judgment and the court granted relief under SDCL 15-6-60(b)(1) which provides "[u]pon motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for ... (1)[m]istake, inadvertence, surprise or excusable neglect."

[¶ 26.] The initial award of costs and attorney fees was based on Engberg's claim that the lawsuit was frivolous or malicious under SDCL 15–17–51. This Court has previously held that where the trial court fails to enter findings as to the

---

3. On September 11, Engberg filed a motion to reconsider, noting that under SDCL 15-6-54(d), any objections to an application of costs and disbursements must be filed within 10 days and that there was no basis for the court's relieving Stratmeyer of his duty to object within this period and no basis to vacate the award of attorney fees.

frivolity or maliciousness of an action, the case must be remanded for entry of such findings and conclusions before a determination can be made on the issue of attorney fees. *Michlitsch*, 1999 SD 69 at ¶ 20, 594 N.W.2d at 735 ("[W]hen a trial court is ruling on the application for attorney fees, it must, for meaningful appellate review, enter findings of fact and conclusions of law."). Here, the initial award was made without a hearing and without findings and conclusions from the trial court. Upon objection from Stratmeyer and his subsequent motion to set aside, the trial court reconsidered the issue under SDCL 15–17–51. This time, the court held a hearing, received testimony, and entered findings and conclusions to support its decision to deny attorney fees and to award costs only. The proper procedure was followed.

[¶ 27.] Both mistake and inadvertence were present even if excusable neglect was not. The trial court's decision to reconsider its judgment should not be reversed when it failed to follow proper procedure in the first instance and its final judgment corrected that error. Engberg has failed to show that the trial court erred.

[¶ 28.] **4. WHETHER ENGBERG SHOULD BE AWARDED APPELLATE ATTORNEY FEES.**

[¶ 29.] Engberg requests reasonable attorney fees in bringing this appeal. Appellate attorney fees are only awarded where provided by statute and upon motion, where an itemized statement of fees has been presented to this Court for consideration. *Malcolm v. Malcolm*, 365 N.W.2d 863, 866 (S.D.1985). Engberg has not cited to any statutory authority for an award of appellate attorney fees and has failed to file a motion or itemized statement with this Court. Therefore, we deny.

[¶ 30.] Affirmed.

[¶ 31.] GILBERTSON, Chief Justice, and SABERS, AMUNDSON, KONENKAMP, and, ZINTER, Justices, participating.