2003 SD 116

**Gordon GRONAU and Melba Gronau, Plaintiffs,**

v.

**James J. WUEBKER and Vincent Wuebker, individually, and d/b/a Marshall Spas and Pools, and Four Seasons Solar Products, Corp., Defendants and Third Party Plaintiffs and Appellees,**

v.

**James Utne, individually, and d/b/a Utne Construction and Roofing Company, Third Party Defendant and Appellant.**

No. 22625.

Supreme Court of South Dakota.

Considered on Briefs Aug. 25, 2003.

Decided Sept. 24, 2003.

Timothy J. Cummings of Green, Schulz, Roby, Oviatt, Cummings & Linngren, Watertown, South Dakota, Attorneys for defendants and third party plaintiffs/appellees.

Douglas M. Deibert, Karen A. Leonard of Cadwell, Sanford, Deibert & Garry, Sioux Falls, South Dakota, Attorneys for third party defendant and appellant.

MEIERHENRY, Justice.

[¶ 1.] James Utne, individually, and d/b/a/ Utne Construction and Roofing (Utne) appeals the trial court's denial of expenses and attorney fees against James and Vincent Wuebker, individually, and d/b/a/ Marshall Spas and Pools, and Four Seasons Solar Products Corporation (Wuebker). Utne claims Wuebker's Third Party Complaint against him was frivolous initially because there was no evidence of negligence on his part. Further, Utne claims that Wuebker's failure to dismiss the complaint voluntarily after discovery produced no evidence of negligence was also frivolous. Utne appeals. We affirm.

### *Procedural Background and Facts*

[¶ 2.] Gordon and Melba Gronau (Gronau) contracted with Wuebker to design and add a four seasons room and a hot tub room to their residence. Wuebker subcontracted with Utne to prepare the residence and construct the additions. Before the project was completed, a dispute arose between Gronau and Wuebker concerning the construction. The work was put on hold. The Utne crew covered the unfinished portion of the roof with a tarp and did not return to the site. Gronau filed suit against Wuebker claiming negligent construction.[1] Wuebker impleaded Utne as a third party defendant claiming that if there was any finding of negligence in the construction that Utne would be responsible.

---

1. The complaint also alleged breach of contract and breach of implied warranty of workmanlike construction and adherence to accepted construction standards.

[¶ 3.] During discovery, the depositions revealed no evidence of negligence by Utne. Neither James Wuebker nor Wuebker's expert attributed any negligence to Utne or his crew. Based on the undisputed lack of evidence of negligence, Utne's counsel wrote and faxed a letter to Wuebker's counsel requesting that Wuebker voluntarily dismiss the Third Party Complaint. A few days later, the parties talked by telephone and Wuebker's counsel indicated that the Third Party Complaint would not be dismissed.[2]

[¶ 4.] Utne ultimately filed a motion for summary judgment which the trial court granted. The trial court dismissed the Third Party Complaint against Utne on the merits and with prejudice. Utne then made a motion seeking expenses and attorney fees claiming that Wuebker's complaint and failure to voluntarily dismiss the complaint was frivolous under SDCL 15–17–51. The trial court denied the motion. The court reasoned that it was not frivolous because Gronau's complaint against Wuebker alleged negligent construction and Wuebker's allegation merely attributed the responsibility for any negligent construction to Utne. The court concluded that Wuebker's complaint was not frivolous and therefore Utne was not entitled to expenses and attorney fees under SDCL 15–17–51. Utne appeals claiming that the trial court erred by ruling that Wuebker's claim was not frivolous and by denying expenses and attorney fees.

### Issue

Whether the trial court erred in denying Utne's motion for costs and attorney fees under the State's frivolous lawsuit statute where there was no testimony/evidence that Utne's crew had been negligent.

### Standard of Review

■ [¶ 5.] "We review a trial court's ruling on the allowance or disallowance of costs and attorney fees under an abuse of discretion standard." *Stratmeyer v. Engberg*, 2002 SD 91, ¶ 12, 649 N.W.2d 921, 925 (citations omitted). " 'Abuse of discretion' is discretion not justified by, and clearly against, reason and evidence." *Michlitsch v. Meyer*, 1999 SD 69, ¶ 10, 594 N.W.2d 731, 733 (citations omitted).

### Definition of Frivolous Lawsuit

■ [¶ 6.] In our review we look to SDCL 15–17–51 and prior caselaw in which it has been interpreted. SDCL 15–17–51 mandates the court to grant expenses and attorney fees if, (1) the civil action is dismissed and, (2) if the court determines that it was frivolous or, (3) if it was brought for malicious purposes. The statute provides in full:

> If a civil action or special proceeding is dismissed and if the court determines that it was frivolous or brought for malicious purposes, the court shall order the party whose cause of action or defense was dismissed to pay part or all expenses incurred by the person defending the matter, including reasonable attorney's fees.

*Id.* Our prior interpretations of this statute define a frivolous action as one in which "the proponent can present no rational argument based on the evidence or law in support of the claim...." *Michlitsch*, 1999 SD 69, ¶ 19, 594 N.W.2d at 734. In order "[t]o fall to the level of frivolousness there must be such a deficiency in fact or law

2. The Third Party Complaint was served on Utne on December 4, 2001. Depositions were taken during April of 2002. The letter requesting dismissal is dated May 6, 2002. The phone conversation took place on or about May 9, 2002. A motion for summary judgment was filed and a hearing was held May 22, 2002.

that no reasonable person could expect a favorable judicial ruling." *Ridley v. Lawrence County Comm'n.*, 2000 SD 143, ¶ 14, 619 N.W.2d 254, 259.

### Initiating a Frivolous Claim

[¶ 7.] The trial court considered the circumstances under which Wuebker originally filed the Third Party Complaint, and determined that it was not frivolous. Wuebker based their claim against Utne on the premise that if Gronau proved negligent construction against them, Utne would be the party ultimately responsible. Had Wuebker not impleaded Utne, Wuebker would not have any recourse against Utne who had performed most of the work.

[¶ 8.] Our rules of civil procedure allow a defendant to implead a third party if the third party could be liable to the defendant for claims made by the plaintiff. SDCL 15–6–14(a) states in part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or *may be liable to him for all or part of the plaintiff's claim against him.*

*Id.* (emphasis added).

[¶ 9.] The rule does not require the third party plaintiff to show that the third party defendant is actually liable, it only requires that he "may be liable." Here, the trial court determined that Wuebker did not allege that Utne was negligent but only alleged that if negligence were found as Gronau claimed, that Utne ought to be responsible. It was not unreasonable for Wuebker to "have expected a favorable judicial ruling under the circumstances." The record supports the trial court's reasoning and therefore we cannot say that denying Utne's motion was clearly against reason and evidence or that the trial court abused its discretion.

### Dismissing a Frivolous Claim

[¶ 10.] Additionally, Utne requests that the Court expand the definition of frivolous to include a party's failure to dismiss a claim when it becomes obvious that no evidence supports the claim. Utne claims that Wuebker's refusal to dismiss the Third Party Complaint was frivolous after discovery produced no evidence of negligence. This is a closer call. We have said however, "[s]imply because a claim or defense is adjudged to be without merit does not mean that it is frivolous." *Ridley*, 2000 SD 143, ¶ 14, 619 N.W.2d at 259. In this case, Gronau's negligence claim against Wuebker was still proceeding to trial. As already noted, Utne's crew performed the majority of the construction, and it was interpleaded only to preserve Gronau's claim in the event the jury ultimately found negligence. Further, "[a]ny doubt about whether or not a legal position is frivolous or taken in bad faith must be resolved in favor of the party whose legal position is in question." *Id.* at ¶ 15, 619 N.W.2d at 260 (quoting Estate of Snover, 4 Neb.App. 533, 546 N.W.2d 341, 349) (citations omitted). Continuing a third party action against Utne whose carpenters performed a majority of the work cannot be characterized as a "legal position so wholly without merit as to be ridiculous." *Behrens v. American Stores Packing Co.*, 236 Neb. 279, 460 N.W.2d 671, 677 (1990). Consequently, we are unable to conclude that the trial court abused its discretion in disallowing expenses and attorney fees for Utne. Under the facts of this case, we decline to expand the definition of a frivolous action to include failure to dismiss a meritless claim. A stronger showing of unreasonableness would be required than is presented here. We affirm.

[¶ 11.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and ZINTER, Justices, concur.