In the Matter of the ESTATE OF Eskel D. HANSEN, Deceased, Maxine Nickel, Eleanor Wipf, and Helen McCrary, Appellees.

Nos. 14545, 14557.

Supreme Court of South Dakota.

Considered on Briefs Jan. 7, 1985.

Decided May 1, 1985.

Rehearing Denied June 4, 1985.

John L. Morgan of Morgan, Fuller, Theeler & Cogley, Mitchell, for appellees.

Lloyd J. Mahan, Parkston, for appellant, Delbert J. Hansen.

Dennis R. Padrnos of Rinan, Padrnos, Smith & Taylor, Mitchell, for Commercial Trust & Sav. Bank, Administrator with Will Annexed.

FOSHEIM, Chief Justice.

Eskel Hansen died on August 13, 1980. His brother and surviving business partner was Delbert Hansen (executor). This dispute involves the executor's mishandling of the estate's assets, and the appeal involves the referee's findings which were adopted by the trial court. We affirm in part, reverse in part, and remand.

Eskel and Delbert Hansen began farming together in 1947 under the business name of "Hansen Brothers." They divided farm work between them equally, and likewise split the profits and liabilities. It was their practice to run all income, irrespective of its source, through the partnership account. Eskel Hansen kept the financial records and transacted the partnership business until his death in 1980.

The executor did nothing toward making an inventory of partnership assets or winding-up the partnership, nor did he do anything about probating Eskel Hansen's Will until he filed his Petition for Letters Testamentary on March 27, 1981. Eskel Hansen's Will was admitted to probate on April 20, 1981.

An Inventory and Appraisment and the Inheritance Report and Inventory were signed by the executor on July 23, 1981. These instruments revealed personal property with a total value of $27,431.11.

On May 17, 1982, two of the heirs objected to the Inventory filed by the executor and the court ordered the executor suspended and entered a show cause order. The executor then filed an Interim Accounting and a Supplemental Interim Accounting of his administration. After the show cause hearing and further written objections, the court ordered the matter placed in reference.

The referee's Findings of Fact, Conclusions of Law, and Memorandum Opinion were submitted and adopted. Both parties on appeal claim that certain findings of the referee were not supported by the evidence. Such written objections were filed. Findings must be accepted unless they are clearly erroneous. SDCL 15–6–53(e)(2).

■ Executor first contends clear error in finding Number 2e, in which the referee included three sales dated August 12, 1980, totalling $4,700.08. Executor contends that according to his Interim Accounting

these proceeds were deposited to the partnership account. He states that apparently a mistake was made by confusing the date of deposit and the date the account was given final credit after collecting the checks. Adding the $4,079.45 deposit to the $3,715.60 balance in the interim accounting results in the $7,795.05 figure found to be cash on hand by the referee; which indicates that at least $4,079.45 of grain was duplicated by the referee. The objecting heirs counter that the executor cannot raise that issue because he did not comply with SDCL 15-6-52(a) in that he failed to propose what the facts should have been at the time he objected to the referee's findings. This statute, however, applies to a failure of the court to make a finding. In this case, the court did make a finding on the grain, and the executor claims that finding is clearly erroneous under SDCL 15-6-53(e)(2). The issue is accordingly before us and as a matter of arithmetic the referee's finding Number 2e appears erroneous.

■ The executor next contends that at least $3,026.22 in expenditures from August 11, 1980, through December 31, 1980, for items such as supplies, veterinary bills and real estate taxes were not considered by the referee even though they were itemized in the Interim Accounting. Executor did object to the referee's findings number 3 and 4 for the reason that omissions were made; however, he failed to identify specific omissions in his objections. Technically his objections may have lacked the specificity required by SDCL 15-6-52(a). However, since the omitted items were set forth in the Interim Accounting, and considering the familiarity of the parties and the referee with the items, we conclude that the objection was sufficient under SDCL 15-6-52(a). The referee on remand should consider these omitted items.

Executor also contests the referee's method of valuing the assets, claiming it was outside the scope of the order for reference. SDCL 15-6-53(c). Executor contends referee's primary task under the terms of the Order of Reference was to determine whether the executor's accountings should be approved and allowed in light of the heirs objections. Executor claims that because of the errors, the reference did not settle and dissolve the Hansen Brothers' partnership as initially intended. We find this argument to be without merit.

■ Executor next urges that the record does not support the referee's conclusion that the executor acted fraudulently, dishonestly, in bad faith, or engaged in intentional misconduct. Executor admits, however, that the evidence does justify his removal for incompetency, conflict of interest, want of understanding, and his improvidence under SDCL 30-8-1(3). The referee's findings number 13, 14, and 20 indicate that the referee believed that executor converted certain funds and assets of the estate. In the referee's memorandum opinion, adopted by the trial court, he states that the discrepancies were so great he was compelled to the conclusion that they could not possibly have been the result of any honest mistake and that the discrepancies among the various accountings were the product of an intentional intent to secrete assets of the estate. He further found that the testimony of the executor was not credible. The objecting heirs cite the numerous discrepancies and conflicts in the executor's testimony and accountings submitted to the referee as support for the referee's conclusion. The record more than adequately supports the referee's and the trial court's findings that the executor should be removed for the reasons given, that interest should be awarded under SDCL 48-5-55 and that the estate is entitled to double the value of the assets under SDCL 30-17-3.

■ The objecting heirs filed a Notice of Review claiming that the court erred in failing to include a sale of corn for $5,216.00 as part of the assets of the estate which they claim the executor wrongfully converted to his own use. The referee

states that "although Delbert Hansen's testimony is otherwise lacking in credibility, I am unable to conclude from the evidence presented that this entry reflects other than poor bookkeeping." The executor contends that this conclusion is supported by the evidence and is not clearly erroneous under SDCL 15–6–53(e)(2). We disagree. At the evidentiary hearing, Executor testified that corn produced in 1980 was sold in Mt. Vernon. In reviewing the farm record book, an undated $5,216.00 entry for sale of corn appears which follows other entries made during decedent's lifetime. There is also an adding machine tape attached which includes the $5,216.00 figure. This amount was reported by Executor as a sale on the 1980 partnership return, prior to his appointment as Executor. This sale is not, however, recorded or reported in any other document as either a partnership asset or one-half of an estate asset. The proceeds from the $5,216.00 corn sale should have been included.

■ The objecting heirs dispute whether Delbert Hansen should be reimbursed for attorney fees he paid to Randolph Stiles, who initially represented the executor. While the objecting heirs cite no authority for this claim, they urge that the allowance of attorney fees was error considering the poor representation given the estate. In *In Re Johnson's Estate*, 68 S.D. 598, 5 N.W.2d 38 (1942), we said:

> Attorney fees are a matter of contract between the personal representative and the attorney. The executor is entitled to reimbursement for attorney fees only for services in the administration of his trust or in litigation for the benefit of the estate of the decedent, performed in good faith and with reasonable care and prudence. It is the duty of the court, in passing upon the administration account, to determine the reasonableness of payments of services of an attorney, and allow or reject credit taken therefore.... We call special attention to the requirement that such services must be "performed in good faith and with reasonable care and prudence."

*Johnson's Estate, supra* 5 N.W.2d at 41. *See also, In Re Sach's Estate*, 68 S.D. 18, 297 N.W. 793, 794 (1941). In findings numbered 8 through 11, the referee found that Randolph Stiles was entitled to reasonable compensation as attorney for the estate, that his fees should be charged against the estate, and that it would be equitable to prorate the expenses and attorney's fees among the heirs according to their interests. The court further found that the sum of $4,343.00 plus taxes of $216.15 was a reasonable sum for attorney's fees. The referee found that any attorney fees in excess of that sum were incurred as a result of the neglect, malfeasance, nonfeasance and misfeasance of the executor. The referee refused to allow any charges over and above the $4,560.15 as fees against the estate. The trial court remanded the attorney fee issue to the referee. On remand, the referee found the fee reasonable and payable as directed in his first decision.

The referee's decision, however, is unsupported by any evidence in the record. In this case, the sole basis for the amount of attorney's fees appears to be the amount estimated and listed by Mr. Stiles in the initial inheritance tax report. Whether the evidence of attorney's fees consists of some itemized statement of time or of the standard percentage charged by attorneys in probate actions, some evidence must exist to show the basis for Mr. Stiles fees and to support a conclusion that the fees were reasonable for whatever time was spent or for whatever portion of the probate Mr. Stiles performed. *See, LaFleur v. Odom*, 83 S.D. 52, 154 N.W.2d 212 (1967); *see also, Malcolm v. Malcolm*, 365 N.W.2d 863 (S.D., 1985) (attorney's fees in domestic relations appeal); *Lien v. Lien*, 278 N.W.2d 436 (S.D.1979) (attorney's fees in trial of divorce action). While we have admitted to some expertise on the reasonable value of legal services, *Stanton v. Saks*, 311 N.W.2d 584 (S.D.1981), as an appellate court, we are unprepared to take evidence

or enter findings on the services that were actually performed and which would support a conclusion as to the reasonableness of the attorney fees.

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

WOLLMAN and HENDERSON, JJ., concur.

TAPKEN, C.J., sitting for MORGAN, J., disqualified, concurs.

MYDLAND, C.J., sitting for WUEST, C.J., Acting as a Supreme Court Justice, disqualified, concurs.