GILBERTSON, Chief Justice.
[¶ 1.] Aria Johnson deeded farmland to her daughter, Linda, and son-in-law, Claude Miller. Linda subsequently filed for divorce from Claude. Aria then sued Claude, claiming she was fraudulently induced by him into deeding the land. The circuit court granted summary judgment in favor of Claude. Claude appeals the *806 denial of his motion for attorney’s fees. We affirm. .
FACTS
[¶2.] Claude and Linda Miller were married in 1992. Shortly after, Aria began to rent her farmland to them. They established an arrangement whereby Aria paid one-third of the expenses and received one-third of the profits. This arrangement continued for approximately 16 years. Claude handled all the day-to-day operations of the farm.
[¶ 3.] In January 2008, Aria decided Linda and Claude had paid enough over the years to deserve ownership of the land. Aria’s attorney drew up the deeds and she then gifted the farm real estate to Linda, her only daughter, and Claude. For one dollar consideration, Aria conveyed via warranty deeds approximately 720 acres of land, granting Linda and Claude joint tenancy with right of survivorship. There were no conditions on the deeds. Aria testified at her deposition that she did not discuss deeding the land to Claude and Linda before she went to her attorney to have the deeds drawn.
[¶ 4.] In October 2009, Linda filed for divorce. Desiring the land to stay in the family, Aria sued Claude, alleging she was fraudulently induced to deed the land. She contended that Claude made promises and statements that he would continue to farm the land and raise his family there. Aria also asserted that Claude’s alleged promise to continue to be Linda’s husband was consideration for transferring the land to him; Aria’s request for relief was to have the land’s ownership restored to her and any other equitable remedy the court believed appropriate.
[¶ 5.] Depositions were taken of both Arla and Claude. After a hearing, the circuit court granted summary judgment in favor of Claude. The court found that its primary reason for granting summary judgment was Aria’s deposition testimony. No appeal was taken from the grant of summary judgment.
[¶ 6.] Claude filed a motion requesting attorney’s fees under SDCL 15-17-51. The court held a hearing on the request. The attorneys presented arguments, but there was no testimony. The court stated at the hearing that a claim for fraudulent inducement was well-grounded in the law and that this case turned on fact questions. The circuit court denied Claude’s motion for attorney’s fees and entered findings of fact and conclusions of law. On appeal, Claude alleges the court erred in determining Aria’s suit was not “frivolous or brought for malicious purposes.”
STANDARD OF REVIEW
[¶ 7.] “We review a trial court’s ruling on the allowance or disallowance of costs and attorney fees under an abuse of discretion standard.” Stratmeyer v. Engberg, 2002 S.D. 91, ¶ 12, 649 N.W.2d 921, 925 (quoting Eccleston v. State Farm Mut. Auto. Ins. Co., 1998 S.D. 116, ¶20, 587 N.W.2d 580, 583).[1] “An abuse of discretion refers to a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence.” Ronan v. Sanford Health, 2012 S.D. 6, ¶ 8, 809 N.W.2d 834, 836 (quoting St. John v. Peterson, 2011 S.D. 58, ¶ 10, 804 N.W.2d 71, 74). “We will overturn the trial court’s findings of fact on appeal only when a complete review of the evidence leaves the Court with a definite and firm conviction that a mistake has been made.” Nemec v. Goeman, 2012 S.D. 14, ¶ 11, 810 N.W.2d 443, 446 (quoting Pietrzak v. Schroeder, 2009 S.D. 1, ¶ 38, 759 N.W.2d 734, 744).
*807 ANALYSIS
[¶ 8.] SDCL 15-17-51 provides:
If a civil action or special proceeding is dismissed and if the court determines that it was frivolous or brought for malicious purposes, the court shall order the party whose cause of action or defense was dismissed to pay part or all expenses incurred by the person defending the matter, including reasonable attorneys’ fees.
The terms “frivolous” and “malicious” are stated in the alternative. To recover attorney’s fees, the applicant must prove at least one of these conditions. After a hearing, the circuit court held that Aria’s action was riot frivolous or malicious.

Malicious

[¶ 9.] We have previously “held that an action is malicious if it ‘is begun in malice, and without probable cause to believe it can succeed, and which finally ends in failure.’ ” Stratmeyer, 2002 S.D. 91, ¶ 20, 649 N.W.2d at 926 (emphasis added) (quoting Michlitsch v. Meyer, 1999 S.D. 69, ¶ 19, 594 N.W.2d 781, 735).
Malice “exists when the proceedings are instituted primarily for an improper purpose.” An improper purpose occurs in situations where:
the plaintiff in the original action was actuated by any unjustifiable motive, as where he did not believe his claim would be held valid, or where his primary motive was hostility or ill will, or where his sole purpose was to deprive the defendant of a beneficial use of his property or to force a settlement having no relation to the merits of the claim.
Id. (quoting Manuel v. Wilka, 2000 S.D. 61, ¶ 39, 610 N.W.2d 458, 465).
[¶ 10.] The circuit court found that Claude failed to establish facts that would indicate Aria instituted the action for malicious purposes. The court also found that Aria’s motive was “to recover title to a sizeable amount of real estate.” Claude asserts the claim was malicious because it was only filed after he and Linda had begun divorce proceedings. He also points to Aria’s testimony that they had not discussed deeding the land until it was actually done and the fact that Linda was not named as a defendant.
[¶ 11.] The complaint asserts that Claude had “promised” to continue to be Linda’s husband and farm the land. She specifically testified that when she signed the deeds, she “figured [she] was giving the land to Linda and the kids” and Claude was “just kind of the caretaker ... there to kind of do the work and be a support to them.” Aria repeatedly testified that her motivation for filing suit was to keep the land in the family.[2] Aria expressed feelings of disappointment and dissatisfaction towards Claude as a farmer and as a husband and father. However, the record does not demonstrate feelings of malice, ill will, or hostility by Aria against Claude. Further, there is no indication that Aria believed her claim would not be held valid, or that she was simply trying to force a settlement. The court’s discretion in determining the claim was not malicious has not been shown to be “clearly against reason and evidence.” The record does not support a conclusion that Aria brought the suit for malicious purposes or that the court’s findings were clearly erroneous.

Frivolous

[¶ 12.] We have previously stated:
*808 A frivolous action exists when the proponent can present no rational argument based on the evidence or law in support of the claim. To fall to the level of frivolousness there must be such a deficiency in fact or law that no reasonable person could expect a favorable judicial ruling. Frivolousness connotes an improper motive or a legal position so wholly without merit as to be ridiculous.
Citibank (S.D.), N.A. v. Hauff, 2003 S.D. 99, ¶ 31, 668 N.W.2d 528, 587 (quoting Ridley v. Lawrence Cnty. Commn., 2000 S.D. 143, ¶ 14, 619 N.W.2d 254, 259). Because of the language “no reasonable person could expect a favorable judicial ruling,” id., we examine whether a claim or defense is frivolous by an objective standard.[3]
[¶ 13.] Aria sued claiming fraudulent inducement. “Fraudulent inducement requires willful deceit and intent to induce another to alter his position.” Schwaiger v. Mitchell Radiology Assocs., P.C., 2002 S.D. 97, ¶ 15, 652 N.W.2d 372, 379. “For a theory based upon fraud to succeed, it is not enough that one party intend to defraud another. It is also necessary that the fraudulent behavior induced the other party to act to its detriment.” Fenske Media Corp. v. Banta Corp., 2004 S.D. 23, ¶ 12, 676 N.W.2d 390, 394 (citing Cleveland v. BDL Enters., Inc., 2003 S.D. 54, ¶ 26, 663 N.W.2d 212, 220). Although the circuit court granted summary judgment against Aria, the court found and concluded that Aria’s suit was not frivolous.
[¶ 14.] A claim can be frivolous from its inception.
To determine whether sanctions are appropriate [because a claim or defense is frivolous], it is necessary to determine whether there was a reasonable basis to believe that the facts supporting the claim were true at the time the lawsuit was filed.... No experienced attorney or judge would dispute the fact that discovery and other circumstances during the course of litigation effect the evaluation of a case and its potential outcome if tried. If this were not true, there would seldom, if ever, be settlement of a case before trial. There is a significant difference between bringing a lawsuit with no basis in law or fact at the outset and failing to present sufficient evidence to justify relief at trial.
Louya v. William Beaumont Hosp., 190 Mich.App. 151, 475 N.W.2d 434, 439 (1991). A claim may not initially be, or appear to be, frivolous. However, it may become apparent through discovery and other case developments that a claim or defense has become frivolous under the standard set forth in our case law. Therefore, courts can analyze whether an action is frivolous at the inception of the claim or defense, or became frivolous anytime thereafter.
[¶ 15.] There is no specific allegation, determination, or evidence that Aria’s claim was frivolous at the time it was filed. From the record, there is no evidence that a reasonable person could not have expected a favorable judicial ruling. Aria testified to wanting to keep the land in the family, which is not unreasonable in family farm operations, but soon after the land was deeded, problems in the marriage led Linda to file for divorce. Because of some of the problems, Aria was concerned that her grandchildren would not end up with *809 the land. Aria also testified that as a renter, Claude was expected to take care of the land and buildings, but that he had not sufficiently done so. She testified that in deeding the land, she thought Claude would take better care of it. It is not unreasonable to expect that someone would care more for property they own rather than rent. When Claude’s care for the land did not improve, Aria filed this suit. Because Aria’s thoughts could be those of a reasonable person, Claude has not shown that the claim was frivolous at the time it was filed.[4]
[¶ 16.] As noted, it is possible for a claim or defense to become frivolous as the case evolves. In asserting that the circuit court erred, Claude relies on Aria’s deposition testimony, claiming that it “contradicted and refuted the claims made in her complaint.” Claude focuses on Aria’s testimony that she did not discuss deeding the land to Claude and Linda before doing so, and that she made the decision on her own. From this testimony and the subsequent grant of summary judgment, Claude infers that her claim was frivolous.
[¶ 17.] A grant of summary judgment does not mean that the claim was frivolous. “Simply because a claim or defense is adjudged to be without merit does not mean that it is frivolous.” Stratmeyer, 2002 S.D. 91, ¶ 17, 649 N.W.2d at 926 (quoting Ridley, 2000 S.D. 143, ¶ 14, 619 N.W.2d at 259). Furthermore, we have previously stated that we do not apply the test for frivolity to “meritorious actions that prove unsuccessful, legitimate attempts to establish a new theory of law, or good-faith efforts to extend, modify, or reverse existing law.” Hartman v. Wood, 436 N.W.2d 854, 857 (S.D.1989) (quoting W. United Realty, Inc. v. Isaacs, 679 P.2d 1063, 1069 (Colo.1984)).
[¶ 18.] Here, when the motion for attorney’s fees was made, the court had nothing to examine in determining frivolousness except depositions. Aria’s testimony ultimately defeated her case on its merits, but Claude has not met his burden of showing that she could not present a “rational argument based on the evidence or law,” or that there was “such a deficiency in fact or law that no reasonable person could expect a favorable ruling.” Citibank v. Hauff, 2003 S.D. 99, ¶ 31, 668 N.W.2d 528, 537. Aria alleged a recognized cause of action that she believed fit her situation. Claude has not shown that a reasonable person would not have agreed with Aria. “Any doubt about whether or not a legal position is frivolous or taken in bad faith must be resolved in favor of the party whose legal position is in question.” *810 Ridley, 2000 S.D. 143, ¶ 15, 619 N.W.2d at 260.
[¶ 19.] “The court’s decision to deny a motion for attorney fees is reviewed under an abuse of discretion standard.” Stratmeyer, 2002 S.D. 91, ¶ 18, 649 N.W.2d at 926. Admittedly this case is a close call. Had the court awarded attorney’s fees, that decision could have also stood up under an abuse of discretion analysis. Herein, there simply is not enough in the depositions, and too many inferences need to be drawn from the testimony, to overcome the standard of review. On this record, we do not have a “definite and firm conviction that a mistake has been made.” Claude has not shown that the court abused its discretion. We affirm.
[¶ 20.] SEVERSON, Justice, concurs.
[¶ 21.] KONENKAMP, Justice, concurs specially.
[¶ 22.] ZINTER and WILBUR, Justices, dissent.

. We disagree with Claude's assertion that the standard of review is de novo.

. We note that the Legislature has recognized the value of retaining farmland in a family farm setting. See SDCL 47-9A-1. "The Legislature of the State of South Dakota recognizes the importance of the family farm to the economic and moral stability of the state....”

. Of course, if a person asserts a claim or defense subjectively knowing that there is no basis, that claim or defense could be deemed frivolous. See Hobart v. Ferebee, 2009 S.D. 101, ¶ 28, 776 N.W.2d 67, 75 (affirming award of attorney’s fees after repeated motions were made on previously litigated issues). The claim or defense might also be based on an improper motive or be malicious, depending on the factual situation.

. We note that there is no allegation that Aria’s counsel violated SDCL 15-6-11(b) in this case, i.e., that her counsel acted improperly. SDCL 15-6-11(b) provides:
By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person’s knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1)It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.