#27418-rem-GAS
**2016 S.D. 36**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

GUARDIANSHIP AND CONSERVATORSHIP
OF MARY D. NOVOTNY
ALSO KNOWN AS MARY NOVOTNY,
a Protected Person.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE  SIXTH JUDICIAL CIRCUIT
TRIPP COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE KATHLEEN F. TRANDAHL
Judge

* * * *

JOHN M. FITZGERALD
KELLY M. PETERSON of
Fitzgerald Law Firm, PLC
Rapid City, South Dakota                    Attorneys for appellant and
                                            beneficiary Catherine Novotny.


BRAD A. SCHREIBER of
Schreiber Law Firm, Prof. LLC
Pierre, South Dakota                        Attorneys for appellee
                                            guardianship and
                                            conservatorship of Mary D.
                                            Novotny.

* * * *

CONSIDERED ON BRIEFS
ON MARCH 21, 2016
OPINION FILED **04/20/16**

SEVERSON, Justice

[¶1.]     The guardians and conservators of this guardianship established the Mary D. Novotny Trust. Caroline Novotny is the beneficiary of the trust, and the conservators are the trustees. A dispute over the trust arose, after which the circuit court granted reimbursement of expenses to the trustees. Caroline appeals the circuit court's decision. We remand.

## Background

[¶2.]     Teresa Novotny, Mark Novotny, and Paul Novotny (collectively, "Conservators") were appointed guardians and conservators of Mary Novotny on July 12, 2012. After an inventory of Mary's assets, a certified public accountant recommended gifting some of Mary's assets in order to reduce them for federal-estate-tax purposes. In response, the Conservators gifted assets to the heirs apparent of Mary. However, one of Mary's daughters, Catherine Novotny, had no contact with Mary or the Conservators. The Conservators hired a private investigator to locate Catherine but were unable to find her. After failing to locate her, they established a trust for Catherine's benefit, which held assets of approximately the same value as her siblings had received. Catherine was eventually located, and in 2014, she petitioned to terminate the trust established for her benefit. She alleged that creation of the trust was unlawful and that the Conservators breached their fiduciary duty.

[¶3.]     During the proceedings, the Conservators sought reimbursement of expenses pursuant to SDCL 55-3-13. On December 24, 2014, the Conservators stated in their motion:

> Prior to this motion, Co-Conservators have expended personal funds defending the Trust as follows:
>
> 1. Mark Novotny - $11,237.48
> 2. Theresa Novotny - $4,145.39
> 3. Paul Novotny - $ 3,424[.]47
> 4. Mary Novotny checking account - $4,370.33
> 5. Mary Novotny Trust checking account - $344.50

On December 26, 2014, Catherine responded, opposing the motion. In her response she stated:

> These amounts alleged to have been paid have not been meant to appear by affidavit, and are not under oath and therefore [the Conservators' attorney] has not [met] his burden in showing these amounts have been "actually incurred," by the trustees. Moreover these amounts have not been itemized or even reasonably described and so there is not a way for the [c]ourt to judge whether or not these are expenses by which the trustees are entitled to "repayment," have been, "properly incurred by the trustees in the performance of his or her trust."

[¶4.] In response, Mark filed an affidavit on January 6, 2015, which stated in part: "[A]s a direct result of Catherine Novotny's actions, I have spent a total of $11,237.28 in attorney's fees. In addition, $4,370.33 has been spent from Mary Novotny's checking account and $344.50 from the Mary Novotny Trust Account." Paul Novotny filed a similar affidavit on January 6, 2015, stating: "[A]s a direct result of Catherine Novotny's actions, I have spent a total of $3,424.47 in attorney's fees. In addition, $4,370.33 has been spent from Mary Novotny's checking account and $344.50 from Mary Novotny's Trust Account." Also on that day, Teresa Novotny filed an affidavit, stating: "[A]s a direct result of Catherine Novotny's actions, I have spent a total of $4,145.39 in attorney's fees. In addition, $4,370.33 has been spent from Mary Novotny's checking account and $344.50 from the Mary

Novotny Trust Account." On January 7, 2015, Catherine served an objection to the affidavits and attorney-fee request.

[¶5.]    In January 2015, both Catherine and the Conservators moved for summary judgment on the underlying petition. On February 19, 2015, the court granted summary judgment in favor of the Conservators and denied Catherine's motion for summary judgment. It also entered an order awarding the Conservators' motion for attorney's fees. On February 26, the Conservators filed an additional motion to approve reimbursement of fees, costs, and expenses. The motion listed sums that were paid to various persons or entities as follows:

6.    Fenenga and Associates - $1,012.30
7.    Ed Midgley - $20.14
8.    Swier Law Firm - $1,799.35
9.    Mary Novotny (Schreiber Law Firm) - $8,005.53

An amended motion to approve reimbursement was filed on March 18, 2015. The amended motion listed an additional expenditure of $1,812.60 to Gunvordahl and Gunvordahl. It also increased the expenditure to Swier Law Firm to $1,873.35. The Conservators asked in the motion "that all future fees, costs and expenses incurred in the defense of this matter be paid from the Mary D. Novotny Irrevocable Trust." A hearing on the motion was held March 26, at which time the court granted the Conservators' motion.

[¶6.]    On appeal, Catherine contends that the court erred by awarding reimbursement and future expenses under SDCL 55-3-13. She also alleges that the court refused to allow her to participate in the motions hearing on March 26, 2015, thereby depriving her of due process.

## Analysis

[¶7.]     "A trustee must fulfill the purposes of the trust as declared at its creation, or as subsequently amended, and must follow all the directions of the trustor given at that time, except as modified by the consent of all parties interested, and upon approval by the court." SDCL 55-3-5. "[A] 'trustee's first duty as a fiduciary is to act in all things wholly for the benefit of the trust.'" *In re Florence Y. Wallbaum Revocable Living Tr.*, 2012 S.D. 18, ¶ 32, 813 N.W.2d 111, 119 (quoting *Willers v. Wettestad*, 510 N.W.2d 676, 680 (S.D. 1994)). Trustees may recover "expenses actually and properly incurred . . . in the performance of his or her trust." SDCL 55-3-13. "We review a trial court's ruling on the allowance or disallowance of costs and attorney fees under an abuse of discretion standard." *Johnson v. Miller*, 2012 S.D. 61, ¶ 7, 818 N.W.2d 804, 806 (quoting *Stratmeyer v. Engberg*, 2002 S.D. 91, ¶ 12, 649 N.W.2d 921, 925).

[¶8.]     In this case, Catherine contends that the information provided to the court was insufficient to determine whether the expenses were actually and properly incurred in the performance of the trustees' duties. We agree. In support of the December 2014 motion, the trustees provided, by way of affidavit, a list of sums paid to certain individuals or entities. They have not provided any other information related to those expenses. The second motion in February 2015 and amended motion in March 2015 were not accompanied by affidavits. And the court took no testimony or argument on the motion.[1]

---

1.     The Conservators contend that Catherine has not preserved this issue for appeal because she failed to appear and object at the hearing on the matter.

(continued . . .)

[¶9.] We have not previously addressed the requirements of SDCL 55-3-13. However, our approach in estate matters is instructive in this case. In *In re Estate of Lingscheit*, 387 N.W.2d 738, 741-42 (S.D. 1986), we construed SDCL 30-25-6, which provided that the executor "is to be allowed all necessary expenses in the care, management, and settlement of the estate." SDCL 30-25-6 has since been repealed, but our analysis is still relevant to this case. We explained in *Estate of Lingscheit* that expenses awarded under SDCL 30-25-6 "must be supported by evidence in the record, and cannot be solely based on the amount estimated and listed in an inheritance tax report." 387 N.W.2d at 742. We referred to our decision in *In re Estate of Hansen*, 366 N.W.2d 852, 855 (S.D. 1985), where we said:

> Whether the evidence of attorney's fees consists of some itemized statement of time or of the standard percentage charged by attorneys in probate actions, *some evidence must exist to show the basis* for [the attorney's] fees and to support a conclusion that the fees were reasonable for whatever time was spent or for whatever portion of the probate [the attorney] performed.

When considering properly reimbursed expenses in estate matters, we have also explained that "[w]e look to the services provided and not just by whom the attorney was employed." *In re Estate of Schuldt*, 457 N.W.2d 837, 840 (S.D. 1990).

---

(. . . continued)

They contend that it is important to note the court's reason for granting the motion, as expressed at the hearing on March 26, 2014. The court stated: "I have no objections to the motion that has been filed with the court, so the court will grant your motion as requested." However, the issue is preserved for appeal as Catherine filed objections to the fees and expenses that the trustees sought. She filed objections with the court in December 2014 and again in January 2015 after the trustees filed their affidavits.

[¶10.] We apply the same rationale to SDCL 55-3-13. There must be some evidence in the record that allows a court to determine whether the amounts for which a trustee seeks reimbursement were "expenses actually and properly incurred . . . in the performance of his or her trust." SDCL 55-3-13; *see also* Alan Newman et al., *The Law of Trusts & Trustees* § 971, Westlaw (database updated September 2015).[2] The Conservators filed affidavits in support of the initial motion for reimbursement. "Affidavits, although made under oath, are ordinarily not considered competent evidence. . . . Nevertheless, the ultimate determination of whether issues of fact should be resolved by affidavit is left in the sound discretion of the trial court." *In re Estate of Eberle*, 505 N.W.2d 767, 771 (S.D. 1993); *see also* SDCL 15-6-43(e) ("When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties . . . .").

[¶11.] The January 2015 affidavits were the only evidence submitted to the court that related to the fees and expenses for which the Conservators sought reimbursement. In this case, the court's reliance on those affidavits constitutes an abuse of discretion because they provide insufficient information as to how the trustees incurred attorney's fees in those amounts. Further, neither the February 2015 motion nor the March 2015 amended motion seeking additional expenses was accompanied by affidavits. No itemization of costs was presented to the circuit

---

2. *The Law of Trusts and Trustees* § 971 explains:

> The burden is on the trustee to prove the items for which it seeks credit on its accounting. . . . [I]t should be sufficient if the trustee establishes that the expenses were reasonably incurred through the prudent exercise of its discretion in performing its duties to administer the trust in accordance with its terms and purposes and the interests of the beneficiaries.

court that demonstrated the basis for the alleged expenses in any of the motions. Accordingly, the court erred when it awarded reimbursement of the fees and expenses without evidence in the record to support that the fees and expenses were actually and properly incurred in performance of the trust. *See* Restatement (Third) of Trusts § 88 cmt. a (Am. Law Inst. 2007) ("The trustee's right of indemnification . . . entitles the trustee . . . to obtain reimbursement [of proper expenses] from the trust . . . . Conversely, . . . if improper expenses have been paid from the trustee's personal funds, the trustee ordinarily is not entitled to reimbursement for those expenditures."). This Court is not in a position to find the facts necessary to decide the issue. *See Estate of Hansen*, 366 N.W.2d at 855-56 ("While we have admitted to some expertise on the reasonable value of legal services, as an appellate court, we are unprepared to take evidence or enter findings on the services that were actually performed and which would support a conclusion as to the reasonableness of the attorney fees." (citation omitted)). Therefore, we remand for further proceedings consistent with this opinion.

[¶12.] Catherine also contends that the court's order improperly awarded future expenses to the Conservators. The nature of reimbursement necessarily requires an incurred expense prior to court approval for reimbursement. Accordingly, the court cannot award "future expenses." Although the motions filed by the Conservators "request[ed] that all future fees, costs and expenses incurred in the defense of this matter be paid from the Mary D. Novotny Irrevocable Trust[,]" the Conservators concede this issue. They reply: "The trial court's [o]rder dated

March 26, 2015, <u>does not</u> award reimbursement of 'all future' expenses." Thus, the court's order only applied to costs already incurred.

[¶13.] Finally, Catherine contends that she was deprived of due process rights because the court excluded her from the March 2015 hearing on the Conservators' motions. There is nothing in the record to support Catherine's contention that she was excluded by the court from appearing at this hearing. The hearing was appropriately noticed on March 18, 2015.

*Appellate Attorney Fees*

[¶14.] Both Catherine and the Conservators have moved this Court for their appellate attorney's fees. They have failed to cite any authority that would allow appellate attorney fees in this appeal. However, because SDCL 55-3-13 allows reimbursement to trustees for expenses, Conservators could be awarded their appellate attorney's fees if properly itemized and authorized by the circuit court as an administrative expense of the trust.

## Conclusion

[¶15.] Because there is no evidence in the record that supported the basis for reimbursement under SDCL 55-3-13, the court erred in granting Conservators' motions for expenses. We remand for further proceedings consistent with this opinion.

[¶16.] GILBERTSON, Chief Justice, and ZINTER and WILBUR, Justices, concur.

[¶17.] KERN, Justice, deeming herself disqualified, did not participate.