#26188-a-DG

**2012 S.D. 61**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

ARLA M. JOHNSON,                                   Plaintiff and Appellee,

v.

CLAUDE S. MILLER,                                  Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
DAVISON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE TIMOTHY W. BJORKMAN
Judge

\* \* \* \*

MARK V. MEIERHENRY
WILLIAM E. BLEWETT of
Meierhenry & Sargent, LLP
Sioux Falls, South Dakota                 Attorneys for plaintiff
                                          and appellee.


STEVEN R. BINGER
Sioux Falls, South Dakota                 Attorney for defendant
                                          and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON APRIL 17, 2012

OPINION FILED **08/15/12**

GILBERTSON, Chief Justice

[¶1.] Arla Johnson deeded farmland to her daughter, Linda, and son-in-law, Claude Miller. Linda subsequently filed for divorce from Claude. Arla then sued Claude, claiming she was fraudulently induced by him into deeding the land. The circuit court granted summary judgment in favor of Claude. Claude appeals the denial of his motion for attorney's fees. We affirm.

## FACTS

[¶2.] Claude and Linda Miller were married in 1992. Shortly after, Arla began to rent her farmland to them. They established an arrangement whereby Arla paid one-third of the expenses and received one-third of the profits. This arrangement continued for approximately 16 years. Claude handled all the day-to-day operations of the farm.

[¶3.] In January 2008, Arla decided Linda and Claude had paid enough over the years to deserve ownership of the land. Arla's attorney drew up the deeds and she then gifted the farm real estate to Linda, her only daughter, and Claude. For one dollar consideration, Arla conveyed via warranty deeds approximately 720 acres of land, granting Linda and Claude joint tenancy with right of survivorship. There were no conditions on the deeds. Arla testified at her deposition that she did not discuss deeding the land to Claude and Linda before she went to her attorney to have the deeds drawn.

[¶4.] In October 2009, Linda filed for divorce. Desiring the land to stay in the family, Arla sued Claude, alleging she was fraudulently induced to deed the land. She contended that Claude made promises and statements that he would

continue to farm the land and raise his family there. Arla also asserted that Claude's alleged promise to continue to be Linda's husband was consideration for transferring the land to him. Arla's request for relief was to have the land's ownership restored to her and any other equitable remedy the court believed appropriate.

[¶5.] Depositions were taken of both Arla and Claude. After a hearing, the circuit court granted summary judgment in favor of Claude. The court found that its primary reason for granting summary judgment was Arla's deposition testimony. No appeal was taken from the grant of summary judgment.

[¶6.] Claude filed a motion requesting attorney's fees under SDCL 15-17-51. The court held a hearing on the request. The attorneys presented arguments, but there was no testimony. The court stated at the hearing that a claim for fraudulent inducement was well-grounded in the law and that this case turned on fact questions. The circuit court denied Claude's motion for attorney's fees and entered findings of fact and conclusions of law. On appeal, Claude alleges the court erred in determining Arla's suit was not "frivolous or brought for malicious purposes."

## STANDARD OF REVIEW

[¶7.] "We review a trial court's ruling on the allowance or disallowance of costs and attorney fees under an abuse of discretion standard." *Stratmeyer v. Engberg*, 2002 S.D. 91, ¶ 12, 649 N.W.2d 921, 925 (quoting *Eccleston v. State Farm Mut. Auto. Ins. Co.*, 1998 S.D. 116, ¶ 20, 587 N.W.2d 580, 583).[1] "An abuse of

---

1. We disagree with Claude's assertion that the standard of review is de novo.

discretion refers to a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence." *Ronan v. Sanford Health*, 2012 S.D. 6, ¶ 8, 809 N.W.2d 834, 836 (quoting *St. John v. Peterson*, 2011 S.D. 58, ¶ 10, 804 N.W.2d 71, 74). "We will overturn the trial court's findings of fact on appeal only when a complete review of the evidence leaves the Court with a definite and firm conviction that a mistake has been made." *Nemec v. Goeman*, 2012 S.D. 14, ¶ 11, 810 N.W.2d 443, 446 (quoting *Pietrzak v. Schroeder*, 2009 S.D. 1, ¶ 38, 759 N.W.2d 734, 744).

## ANALYSIS

[¶8.] SDCL 15-17-51 provides:

> If a civil action or special proceeding is dismissed and if the court determines that it was frivolous or brought for malicious purposes, the court shall order the party whose cause of action or defense was dismissed to pay part or all expenses incurred by the person defending the matter, including reasonable attorneys' fees.

The terms "frivolous" and "malicious" are stated in the alternative. To recover attorney's fees, the applicant must prove at least one of these conditions. After a hearing, the circuit court held that Arla's action was not frivolous or malicious.

### *Malicious*

[¶9.] We have previously "held that an action is malicious if it 'is begun in malice, *and* without probable cause to believe it can succeed, *and* which finally ends in failure.'" *Stratmeyer*, 2002 S.D. 91, ¶ 20, 649 N.W.2d at 926 (emphasis added) (quoting *Michlitsch v. Meyer*, 1999 S.D. 69, ¶ 19, 594 N.W.2d 731, 735).

> Malice "exists when the proceedings are instituted primarily for an improper purpose." An improper purpose occurs in situations where:

the plaintiff in the original action was actuated by any unjustifiable motive, as where he did not believe his claim would be held valid, or where his primary motive was hostility or ill will, or where his sole purpose was to deprive the defendant of a beneficial use of his property or to force a settlement having no relation to the merits of the claim.

*Id.* (quoting *Manuel v. Wilka*, 2000 S.D. 61, ¶ 39, 610 N.W.2d 458, 465).

[¶10.] The circuit court found that Claude failed to establish facts that would indicate Arla instituted the action for malicious purposes. The court also found that Arla's motive was "to recover title to a sizeable amount of real estate." Claude asserts the claim was malicious because it was only filed after he and Linda had begun divorce proceedings. He also points to Arla's testimony that they had not discussed deeding the land until it was actually done and the fact that Linda was not named as a defendant.

[¶11.] The complaint asserts that Claude had "promised" to continue to be Linda's husband and farm the land. She specifically testified that when she signed the deeds, she "figured [she] was giving the land to Linda and the kids" and Claude was "just kind of the caretaker . . . there to kind of do the work and be a support to them." Arla repeatedly testified that her motivation for filing suit was to keep the land in the family. [2] Arla expressed feelings of disappointment and dissatisfaction towards Claude as a farmer and as a husband and father. However, the record does not demonstrate feelings of malice, ill will, or hostility by Arla against Claude.

---

2. We note that the Legislature has recognized the value of retaining farmland in a family farm setting. *See* SDCL 47-9A-1. "The Legislature of the State of South Dakota recognizes the importance of the family farm to the economic and moral stability of the state . . . ."

Further, there is no indication that Arla believed her claim would not be held valid, or that she was simply trying to force a settlement. The court's discretion in determining the claim was not malicious has not been shown to be "clearly against reason and evidence." The record does not support a conclusion that Arla brought the suit for malicious purposes or that the court's findings were clearly erroneous.

### *Frivolous*

[¶12.]        We have previously stated:

> A frivolous action exists when the proponent can present no rational argument based on the evidence or law in support of the claim. To fall to the level of frivolousness there must be such a deficiency in fact or law that no reasonable person could expect a favorable judicial ruling. Frivolousness connotes an improper motive or a legal position so wholly without merit as to be ridiculous.

*Citibank (S.D.), N.A. v. Hauff*, 2003 S.D. 99, ¶ 31, 668 N.W.2d 528, 537 (quoting *Ridley v. Lawrence Cnty. Comm'n*, 2000 S.D. 143, ¶ 14, 619 N.W.2d 254, 259). Because of the language "*no reasonable person* could expect a favorable judicial ruling," *id.*, we examine whether a claim or defense is frivolous by an objective standard.[3]

[¶13.]        Arla sued claiming fraudulent inducement. "Fraudulent inducement requires willful deceit and intent to induce another to alter his position." *Schwaiger v. Mitchell Radiology Assocs., P.C.*, 2002 S.D. 97, ¶ 15, 652 N.W.2d 372, 379. "For a

---

3.        Of course, if a person asserts a claim or defense subjectively knowing that there is no basis, that claim or defense could be deemed frivolous. *See Hobart v. Ferebee*, 2009 S.D. 101, ¶ 28, 776 N.W.2d 67, 75 (affirming award of attorney's fees after repeated motions were made on previously litigated issues). The claim or defense might also be based on an improper motive or be malicious, depending on the factual situation.

theory based upon fraud to succeed, it is not enough that one party intend to defraud another. It is also necessary that the fraudulent behavior induced the other party to act to its detriment." *Fenske Media Corp. v. Banta Corp.*, 2004 S.D. 23, ¶ 12, 676 N.W.2d 390, 394 (citing *Cleveland v. BDL Enters., Inc.*, 2003 S.D. 54, ¶ 26, 663 N.W.2d 212, 220). Although the circuit court granted summary judgment against Arla, the court found and concluded that Arla's suit was not frivolous.

[¶14.]     A claim can be frivolous from its inception.

> To determine whether sanctions are appropriate [because a claim or defense is frivolous], it is necessary to determine whether there was a reasonable basis to believe that the facts supporting the claim were true *at the time the lawsuit was filed* . . . . No experienced attorney or judge would dispute the fact that discovery and other circumstances during the course of litigation effect the evaluation of a case and its potential outcome if tried. If this were not true, there would seldom, if ever, be settlement of a case before trial. There is a significant difference between bringing a lawsuit with no basis in law or fact at the outset and failing to present sufficient evidence to justify relief at trial.

*Louya v. William Beaumont Hosp.*, 475 N.W.2d 434, 439 (Mich. 1991). A claim may not initially be, or appear to be, frivolous. However, it may become apparent through discovery and other case developments that a claim or defense has become frivolous under the standard set forth in our case law. Therefore, courts can analyze whether an action is frivolous at the inception of the claim or defense, or became frivolous anytime thereafter.

[¶15.]     There is no specific allegation, determination, or evidence that Arla's claim was frivolous at the time it was filed. From the record, there is no evidence that a reasonable person could not have expected a favorable judicial ruling. Arla testified to wanting to keep the land in the family, which is not unreasonable in

family farm operations, but soon after the land was deeded, problems in the marriage led Linda to file for divorce. Because of some of the problems, Arla was concerned that her grandchildren would not end up with the land. Arla also testified that as a renter, Claude was expected to take care of the land and buildings, but that he had not sufficiently done so. She testified that in deeding the land, she thought Claude would take better care of it. It is not unreasonable to expect that someone would care more for property they own rather than rent. When Claude's care for the land did not improve, Arla filed this suit. Because Arla's thoughts could be those of a reasonable person, Claude has not shown that the claim was frivolous at the time it was filed.[4]

---

4.      We note that there is no allegation that Arla's counsel violated SDCL 15-6-11(b) in this case, i.e., that her counsel acted improperly. SDCL 15-6-11(b) provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

[¶16.] As noted, it is possible for a claim or defense to become frivolous as the case evolves. In asserting that the circuit court erred, Claude relies on Arla's deposition testimony, claiming that it "contradicted and refuted the claims made in her complaint." Claude focuses on Arla's testimony that she did not discuss deeding the land to Claude and Linda before doing so, and that she made the decision on her own. From this testimony and the subsequent grant of summary judgment, Claude infers that her claim was frivolous.

[¶17.] A grant of summary judgment does not mean that the claim was frivolous. "Simply because a claim or defense is adjudged to be without merit does not mean that it is frivolous." *Stratmeyer*, 2002 S.D. 91, ¶ 17, 649 N.W.2d at 926 (quoting *Ridley*, 2000 S.D. 143, ¶ 14, 619 N.W.2d at 259). Furthermore, we have previously stated that we do not apply the test for frivolity to "meritorious actions that prove unsuccessful, legitimate attempts to establish a new theory of law, or good-faith efforts to extend, modify, or reverse existing law." *Hartman v. Wood*, 436 N.W.2d 854, 857 (S.D. 1989) (quoting *W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984)).

[¶18.] Here, when the motion for attorney's fees was made, the court had nothing to examine in determining frivolousness except depositions. Arla's testimony ultimately defeated her case on its merits, but Claude has not met his burden of showing that she could not present a "rational argument based on the evidence or law," or that there was "such a deficiency in fact or law that no reasonable person could expect a favorable ruling." *Citibank v. Hauff*, 2003 S.D. 99, ¶ 31, 668 N.W.2d 528, 537. Arla alleged a recognized cause of action that she

believed fit her situation. Claude has not shown that a reasonable person would not have agreed with Arla. "Any doubt about whether or not a legal position is frivolous or taken in bad faith must be resolved in favor of the party whose legal position is in question." *Ridley*, 2000 S.D. 143, ¶ 15, 619 N.W.2d at 260.

[¶19.]    "The court's decision to deny a motion for attorney fees is reviewed under an abuse of discretion standard." *Stratmeyer*, 2002 S.D. 91, ¶ 18, 649 N.W.2d at 926. Admittedly this case is a close call. Had the court awarded attorney's fees, that decision could have also stood up under an abuse of discretion analysis. Herein, there simply is not enough in the depositions, and too many inferences need to be drawn from the testimony, to overcome the standard of review. On this record, we do not have a "definite and firm conviction that a mistake has been made." Claude has not shown that the court abused its discretion. We affirm.

[¶20.]    SEVERSON, Justice, concurs.

[¶21.]    KONENKAMP, Justice, concurs specially.

[¶22.]    ZINTER and WILBUR, Justices, dissent.

KONENKAMP, Justice (concurring specially).

[¶23.]    "Frivolous" is an elusive word. In enacting SDCL 15-17-51, our Legislature supplied no definition of what constitutes a frivolous civil action. Can it mean that any case dismissed for inadequate evidence or legal support will be deemed frivolous? After all, claims can be dismissed under such statutes as SDCL 15-5-9, SDCL 15-6-12, SDCL 15-6-41, SDCL 15-6-50, and SDCL 15-6-56, to cite only a few. In every instance where a cause of action is dismissed on summary

judgment, for example, will the dismissal result in a finding that the claim was frivolous? A rigid interpretation of SDCL 15-17-51 would mandate such a result.

[¶24.]     We are not alone in struggling to find an effective legal definition. "Numerous courts encounter[] difficulty defining the term, articulating consistent standards for identifying it, and providing clear guidance to counsel and litigants." Carl Tobias, *The 1993 Revision to Federal Rule 11*, 70 Ind. L.J. 171, 196 (1994). Judge Easterbrook, joined by Judge Posner, once imposed sanctions for a frivolous claim, describing the plaintiff's theory as "wacky, sanctionably so." *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1080 (7th Cir. 1987). Another case labeled a claim "vacuous." *Frantz, v. United States Powerlifting Fed'n,* 836 F.2d 1063, 1068 (7th Cir. 1987). As a synonym for frivolous, we use "ridiculous." *Ridley v. Lawrence Cnty. Comm'n*, 2000 S.D. 143, ¶ 14, 619 N.W.2d 254, 259 (citation omitted). Perhaps the most helpful guidance comes from Judge Weinstein's dictionary definition:

> "Frivolous" is of the same order of magnitude as "less than a scintilla." It is defined in Webster's Third New International Dictionary (1967) as "of little weight or importance: having no basis in law or fact: light, slight, sham, irrelevant, superficial." The Oxford English Dictionary (1971) defines it as "[o]f little or no weight, value or importance; paltry; trumpery; not worthy of serious attention; having no reasonable ground or purpose . . . In pleading: Manifestly insufficient or futile."

*Eastway Constr. Corp. v. City of New York (Eastway II)*, 637 F. Supp. 558, 565 (E.D. N.Y. 1986). Can we say that the circuit court here abused its discretion in failing to expose this case as trumpery, a sham, lacking a scintilla of merit, vacuous, paltry,

ridiculous, or wacky? "Frivolous" surely connotes something worse than simply failing for lack of merit.

[¶25.]     The difficulty here illustrates why our standard of review is crucial. The appellant urges us to adopt a de novo review. The United States Supreme Court dealt with this very issue at a time when Federal Rule 11 contained a provision similar to the language in SDCL 15-17-51. Between 1983 and 1993, Rule 11 provided that trial courts "shall" impose upon the attorney or the attorney's client "an appropriate sanction" for a frivolous filing, which may include "a reasonable attorney's fee." *See* Federal Rule of Civil Procedure 11 (from 1983 to 1993). In reviewing trial court rulings on allegations of frivolousness, several federal circuits took either a full de novo review or a three-tiered review, using, in turn, abuse of discretion, clearly erroneous, and de novo standards.

[¶26.]     Rejecting these approaches, the Supreme Court ruled that "appellate courts should review all aspects of a district court's imposition of Rule 11 sanctions under a deferential standard," including the trial court's legal conclusions. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401, 110 S. Ct. 2447, 2458, 110 L. Ed. 2d 359 (1990). Of course, an abuse of discretion could be established if the trial court "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id*. at 405, 110 S. Ct. at 2461. But the Court cautioned that simply because "sanctions 'shall' be imposed when a violation is found does not have any bearing on how to review the question whether the attorney's conduct violated Rule 11." *Id*. at 404, 110 S. Ct. at 2460. Thus, the Court applied "a unitary

abuse-of-discretion standard to all aspects of a Rule 11 proceeding." *Id.* at 403, 110 S. Ct. at 2459.

[¶27.] As Justice O'Connor explained, de novo review would require investing "time and energy in the unproductive task of determining 'not what the law now is, but what [a party] was substantially justified in believing it to have been.'" *Id.* (citations omitted). An appellate court "would be required to determine whether, at the time the attorney filed the pleading[,] . . . his legal argument would have appeared plausible." *Id.* at 403-04, 110 S. Ct. at 2460. These rulings "'will either fail to produce the normal law-clarifying benefits that come from an appellate decision on a question of law, or else will strangely distort the appellate process' by establishing . . . law in 'a most peculiar, secondhanded fashion.'" *Id.* (citation omitted).

[¶28.] Trial courts are better acquainted with "the local bar's litigation practices and thus best situated to determine when a sanction is warranted to serve [the statute's] goal of specific and general deterrence." *Id.* Indeed, "[d]eference to the determination of courts on the front lines of litigation will enhance these courts' ability to control the litigants before them." *Id.* And this unburdens the appellate process "from the duty of reweighing evidence and reconsidering facts already weighed and considered[.]" *Id.* It also discourages "litigants from pursuing marginal appeals, thus reducing the amount of satellite litigation." *Id.*

[¶29.] Concern over unnecessary satellite litigation cannot be overstressed. While deterring irresponsible and abusive lawsuits, SDCL 15-17-51 should not be so misconstrued as to chill ingenuity in advocacy and the beneficial development of the

law.  A heavy-handed application of this statute would convert it from being a safeguard against nonsense lawsuits into a whole new source for derivative litigation over demands for attorney's fees.  To complicate matters, were we to take plenary review of claims for frivolous filings, we would not just be the final arbiters on any appeal of a dismissal, but also the final judges on all the inevitable accompanying claims that these dismissed cases were frivolous.

[¶30.]      What claims are frivolous, in any event, raises delicate questions, not easily susceptible to bright-line rules.  A finding of frivolousness, therefore, should be reserved for "exceptional circumstances."  *See Garr v. United States Healthcare, Inc.*, 22 F.3d 1274, 1281 (3d Cir. 1984) (citation omitted).  Of course, SDCL 15-17-51 should have its bite.  But misuse of this statute as a tonic for the perception that we are steeped in bogus civil filings could impair open access to our courts embodied in South Dakota's Constitution and in the tolerant pleading scheme of our rules of civil procedure.  *See* S.D. Const. art VI, § 20; SDCL ch. 15-6.  Truly not every claim dismissed for "lack [of] any merit" is legally frivolous.  *See Gurary v. Nu-Tech Bio-Med, Inc.*, 303 F.3d 212, 221 (2d Cir. 2002); *see also Ridley*, 2000 S.D. 143, ¶¶ 14, 15, 619 N.W.2d at 259-60.

[¶31.]      Doubts about frivolousness should inure, at the very least, to the benefit of responsible counsel.  It is one thing to say, as we did in *Ferebee v. Hobart*, that multiple pro se resubmissions of previously decided motions were frivolous; it is quite another to declare that a good faith but unsuccessful argument on a weighty issue made by experienced counsel should also be deemed frivolous.  *See* 2009 S.D. 102, ¶ 25, 776 N.W.2d 58, 65.  In truth, this case was far from insubstantial: a

grandmother deeded her multi-million dollar farmland to her daughter and son-in-law, mistakenly believing that they would remain married and pass the farm ultimately to the grandchildren.

[¶32.]     Adding to our concern, a finding of frivolousness suggests that the attorney submitting such a pleading has committed unethical conduct.  Under South Dakota's Rules of Professional Conduct, Rule 3.1, "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not *frivolous. . . .*"  SDCL ch. 16-18, App. Rule 3.1 (emphasis added).  Unlike Rule 11, however, SDCL 15-17-51 only applies to parties, not their attorneys.  Are clients, then, to be held to a higher pleading standard than counsel?  Of course not, as that would ascribe to clients greater legal expertise than their attorneys.

[¶33.]     Accordingly, we must consider the commentary to Rule 3.1: "The filing of an action or defense or similar action taken for a client is not frivolous merely because the facts have not first been fully substantiated or because the lawyer expects to develop vital evidence only by discovery. . . ."  SDCL ch. 16-18, App. Rule 3.1.  Nor is an action "frivolous even though the lawyer believes that the client's position ultimately will not prevail."  *Id.*  On the other hand, an "action is frivolous . . . if the lawyer is unable either to make a *good faith* argument on the merits of the action taken or to support the action taken by a *good faith* argument for an extension, codification or reversal of existing law."  *Id.* (emphasis added).

[¶34.]     Litigants can ordinarily (and rightly) anticipate that significant evidence may only become available during discovery after a lawsuit starts.  This

case did not come up for summary judgment consideration until after both the plaintiff's and the defendant's depositions were taken. Any case can take unexpected turns even with the best preparation. Thus, our judgment should not be skewed by the convenience of hindsight. *See Oliveri v. Thompson,* 803 F.2d 1265, 1275 (2d Cir. 1986). The objective reasonableness of a party's actions under the circumstances known to him or her should be examined at the time the questionable pleading was submitted. *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 548-49, 551, 111 S. Ct. 922, 931-32, 933-34, 112 L. Ed.3d 1140 (1991).

[¶35.] Judge Weinstein called for a "frank recognition of the fact that rather than being adequately described by the frivolous-nonfrivolous dichotomy, cases really do lie along a continuum. Some are clearly frivolous, some clearly nonfrivolous, and some are difficult to call." *Eastway II*, 637 F. Supp. at 574. As our Court notes here, this case was close. Yet a lawyer has an ethical duty to zealously assert a client's cause, even if that cause might come close to frivolous. A narrow interpretation of SDCL 15-17-51 would impose strict liability for attorney's fees no matter how slightly the line was crossed.

[¶36.] All these considerations lead to the conclusion that rulings on whether an action was frivolous should be left to the discretion of the judges on the front lines of litigation. Deferential review gives trial courts "the necessary flexibility to resolve questions involving 'multifarious, fleeting, special, narrow facts that utterly resist generalization.'" *Cooter & Gell*, 496 U.S. at 404, 110 S. Ct. at 2460 (citation omitted). Under the proper standard of review, the trial court was within its

discretion in ruling that this case was not frivolous. As an appellate court, our function is to decide what the law is — not to decide, as a question of law, whether a party made a good faith argument in believing what the law was or should have been.

ZINTER, Justice (dissenting).

[¶37.]    There is no dispute regarding the factual basis or the motivation for Arla Johnson's suit. Arla was the only witness on the matter. She candidly admitted that she did not sue Claude because she had relied on any promise or statement Claude made that induced her to gift the land. She testified that she made the decision to gift the land on her own, without any input from Claude, and with the assistance of her own attorney. Arla also candidly admitted that her motivation for the suit was: her "mistake" in originally gifting the land; her daughter Linda's pending divorce from Claude; and her desire to obtain the land for Linda and the grandchildren. The facts of this case reflect that Arla *never* possessed *any* factual basis to support *any* argument establishing fraud. Further, not one of Arla's stated purposes for suing Claude related to alleged fraud. Therefore, although I agree that every case dismissed for inadequate evidence or lack of legal support is not subject to SDCL 15-17-51, the circuit court abused its discretion in determining that Arla's suit was not frivolous and not brought for improper purposes.

[¶38.]    Prior to 1997, attorney's fees were awardable as a matter of discretion under SDCL 15-17-51. At that time, the statute provided that a circuit court "may"

award attorney's fees if a suit was frivolous or brought for malicious purposes. *Id.* (1996). In 1997, a bill was passed "to require the mandatory payment of costs and attorney's fees in frivolous or malicious actions." *See* Senate Bill 178, adopted as 1997 S.D. Sess. Laws ch. 113, § 1. Under the new Act, the Legislature directed that attorney's fees "shall" be awarded if a suit is frivolous or brought for malicious purposes. *Id.* Consequently, if an action is frivolous or malicious, attorney's fees are now mandated. *Gronau v. Wuebker,* 2003 S.D. 116, ¶ 6, 670 N.W.2d 380, 382. Although the majority's authority for discretionary review is based on the prior discretionary statute,[5] we need not determine whether the mandatory language of the new statute requires a different standard of review in this case.[6] As explained

---

5. *See supra* ¶ 7 (quoting *Stratmeyer v. Engberg,* 2002 S.D. 91, ¶ 12, 649 N.W.2d 921, 925 (quoting *Eccleston v. State Farm Mut. Auto. Ins. Co.,* 1998 S.D. 116, ¶ 20, 587 N.W.2d 580, 583 (citing *Fullmer v. State Farm Ins. Co.,* 498 N.W.2d 357, 363 (S.D. 1993))))).

6. The special concurrence argues for an abuse of discretion standard based on *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990). *Cooter* applied a unitary abuse of discretion standard of review to appeals involving sanctions under former Federal Rule 11. Special concurrence ¶¶ 25-26. Even though former Rule 11 provided that the trial court "shall" award some sanction, the rule vested the trial court with discretion to determine the "appropriate" sanction. The rule specifically provided that the trial court "may" include an order to pay attorney's fees. The rule provided in relevant part:

> If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which *may* include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

(continued . . .)

#26188

below, this case should be reversed even under the abuse of discretion standard of review.

[¶39.] The definitions of frivolous and malicious are settled in this jurisdiction. In our last case on the matter, we noted that a "frivolous action exists when the proponent can present no rational argument based on the evidence or law in support of the claim. To fall to the level of frivolousness there must be such a deficiency in fact or law that no reasonable person could expect a favorable judicial ruling." *Citibank (S.D.), N.A. v. Hauff*, 2003 S.D. 99, ¶ 31, 668 N.W.2d 528, 537 (citations and internal quotation marks omitted). The special concurrence agrees, noting that the dictionary definition of frivolous suits includes those "having no basis in law or fact." *See* special concurrence ¶ 24. "A malicious action is one brought for an improper, unjustifiable motive." *Citibank*, 2003 S.D. 99, ¶ 32, 668 N.W.2d at 537. "Malice exists when the proceedings are instituted primarily for an improper purpose. An improper purpose [includes] situations where . . . [the] primary motive was hostility or ill will, or where [the] sole purpose was to deprive the defendant of a beneficial use of his property . . . ." *Id.* (internal quotation marks omitted).

---

(. . . continued)

> *Cooter*, 496 U.S. at 392, 110 S. Ct. at 2454 (emphasis added). Unlike SDCL 15-17-51, an award of attorney fees under this version of Rule 11 was discretionary. The Supreme Court specifically noted that the attorney's fee "sanction may, but need not, include payment of the other parties' expenses." *Id.* at 393, 110 S. Ct. at 2454.

[¶40.]     In this case, Arla's suit was both frivolous and brought for improper purposes. Arla's April 2010 suit alleged that Claude had fraudulently induced her into transferring the property in January 2008. The elements of fraud require:

> [T]hat a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it and was induced thereby to act to his injury or damage.

*N. Am. Truck & Trailer, Inc. v. M.C.I. Commc'n Servs., Inc.*, 2008 S.D. 45, ¶ 8, 751 N.W.2d 710, 713 (alteration in original). Accordingly, Arla specifically pleaded that she transferred the property "in reliance" on a number of "promises, statements, and understandings" that Claude had given her. She pleaded that she relied on "promises and statements" that Claude would "continue to farm the land," he would "raise his family there," and he would "continue to be a husband to [his wife]." Arla finally pleaded that Claude "had no intention of keeping" his promises.

[¶41.]     But when Arla was deposed, it became evident that she never possessed, and never anticipated that she would develop, any factual basis to support any of these allegations. Arla admitted that she had not relied on any promises, statements, or understandings in gifting the land to Linda and Claude. Arla testified that she made the decision on her own in late 2007 and considered the transfer to be an unconditional gift. She explained that at the time of the transfer, she felt that Linda and Claude had worked hard enough and paid enough over the years "to qualify them to obtain ownership" of the land. She was even aware of Linda and Claude's marriage problems at that time, but she "thought maybe then

things would straighten out . . . ." She also admitted that she had consulted with her personal attorney before making the gift, and she had gifted the property without any input or knowledge of Claude or Linda. Arla conceded that there had never been any discussions about the land transfer with Claude or Linda until after she had already filed the deeds. Therefore, the circuit court specifically found—a finding that is not contested by Arla or the majority—"that there were no conversations between [Arla] and [Claude] in which [Claude] induced her to deed her farmland to [Claude] and [Linda]."

[¶42.]      Under these undisputed facts, Arla's suit was frivolous as a matter of law. Arla could not identify any rational argument to support her pleaded claim that she had *relied on* fraudulent promises, statements, and understandings to *induce* her to gift the land to her daughter and son-in-law. As the majority recognizes, "[i]t is . . . necessary that the fraudulent behavior induced the other party to act to its detriment." *Fenske Media Corp. v. Banta Corp.*, 2004 S.D. 23, ¶ 12, 676 N.W.2d 390, 394 (citing *Cleveland v. BDL Enters., Inc.*, 2003 S.D. 54, ¶ 26, 663 N.W.2d 212, 220); *supra* ¶ 13.

[¶43.]      The majority relies on Arla's subjective expectations that induced her to gift the land. The majority reasons: "[Arla] specifically testified that when she signed the deeds, *she 'figured* [she] was giving the land to Linda and the kids' and Claude was 'just kind of the caretaker . . . there to kind of do the work and be a support to them.'" *Supra* ¶ 11 (emphasis added). But this expectation was not reasonable. And even if it were, it is well established that Arla's "subjective

expectation[s] . . . cannot rise to the level of fraudulent inducement." *See Schwaiger v. Mitchell Radiology Assocs., P.C.*, 2002 S.D. 97, ¶ 15, 652 N.W.2d 372, 379.

[¶44.] The majority also reasons that a reasonable person could have expected a favorable judicial ruling on Arla's claim for fraud because "Arla testified to *wanting* to keep the land in the family, . . . but soon after the land was deeded, problems in the marriage led Linda to file for divorce." *Supra* ¶ 15 (emphasis added). This reasoning highlights the majority's error. Arla's wish to keep the land in the family when family problems developed after the gift cannot be the factual basis for a claim for fraud in the *inducement*: Arla admitted that there had been no conversations to induce Arla to gift the land in the first place.

[¶45.] The majority's reliance on Arla's other family concerns is also misplaced. Although Arla's "thoughts" about her grandchildren, the divorce, and Claude's ability as a farmer "could be those of a reasonable" grandmother, *see supra* ¶ 15, no reasonable person could have believed that such thoughts supported a claim of fraud. Arla's suit was frivolous because she could "present no rational argument based on the evidence or law in support of [her] claim" that she was fraudulently induced to gift the land when she made the decision. *See Citibank*, 2003 S.D. 99, ¶ 31, 668 N.W.2d at 537.

[¶46.] Arla's claim was malicious because she conceded that her motives and purpose for her lawsuit had nothing to do with her pleaded contention that the gift was induced by fraud. Arla testified she brought the suit because in December 2009, she learned that Linda and Claude were divorcing, and she then believed that she had made a "mistake" in originally gifting the property. She indicated that she

"regret[ed] that [she] had ever done this" because of "how Linda and the kids were treated afterwards." Thus, Arla repeatedly testified that she should not have gifted the property to Claude and Linda in the first place. She indicated it was "stupid" and a "mistake." She admitted that even prior to the gift, she knew "things were going downhill" and "should have realized" things in the family were not going the way she had hoped. The majority concedes that these were reasons for the lawsuit. *See supra* ¶ 15; special concurrence ¶ 31. But these reasons are all predicated on mistake, and Arla did not sue or argue for rescission based on mistake. She sued for fraud. Obviously, the desire to correct a mistake is not a proper purpose to sue another for fraud.

[¶47.] Furthermore, contrary to the majority's argument, Arla admitted that the April 2010 suit was motivated by hostility towards Claude and her desire to obtain his land for her daughter and grandchildren. Arla repeatedly referenced the divorce and related hostility, stating that she sued because "if you [(Claude)] don't care anymore for [Linda], then you don't care for this ground." The majority agrees that Arla brought the suit because Linda and Claude were divorcing and Arla wanted the land to stay in the family. *Supra* ¶¶ 3-4, 15. We should reverse the circuit court. "Hostility" and "depriv[ing] [a] defendant of a beneficial use of his property" are "unjustifiable" motives establishing malice as a matter of law. *Citibank,* 2003 S.D. 99, ¶ 32, 668 N.W.2d at 537.

[¶48.] The uncontested facts also establish improper motives because Arla conceded she brought the suit for other reasons wholly unrelated to her pleaded claim of fraud. Arla testified that she sued because she believed that Claude had let

the farm become run-down, she believed Claude had not "shared" with her daughter, Arla believed Claude was bribing the grandchildren to stay with him and kept it a secret where they were living, and Claude had not encouraged the grandchildren to see Arla more often. Arla repeatedly conceded that there was no other reason why she was suing Claude for fraudulent inducement. But not one of these reasons—especially the majority's reliance on Arla's "feelings of disappointment and dissatisfaction towards Claude as a farmer and as a husband and father," *supra* ¶ 11—are a proper purpose for suing another for fraud.

[¶49.] The majority reasons that the suit was filed for proper purposes because the "motivation for filing suit was to keep the land in the family." *Supra* ¶ 11. According to the majority, this motivation is a proper purpose to sue someone for fraud because the Legislature recognizes the value of family farming.

> We note that the Legislature has recognized the value of retaining farmland in a family farm setting. *See* SDCL 47-9A-1. "The Legislature of the State of South Dakota recognizes the importance of the family farm to the economic and moral stability of the state . . . ." [*Id.*]

*Id.* n.2. But the question in this case is a factual matter whether Arla ever possessed any basis for claiming that she had been defrauded at the time she gifted the land. The Legislature's view of the value of family farming in South Dakota is irrelevant to that question of fact. I would not let feelings regarding family farming color the outcome of an individual case involving a factual claim of fraud.

[¶50.] The circuit court should be reversed even under the abuse of discretion standard of review. The circuit court found no malice without considering Arla's motives for bringing the suit. The court reasoned that there was no malice solely

because Arla was "attempt[ing] to recover title to a sizable amount of real estate." The circuit court erred in focusing only on "what" Arla was attempting to do. The circuit court failed to assess the relevant evidence; i.e. Arla's *motives for* attempting to recover the real estate. A trial court abuses its discretion when it bases its decision on a clearly erroneous "assessment of the evidence" in a request for sanctions. *Cooter*, 496 U.S. at 405, 110 S. Ct. at 2461. Further, because Arla did not argue that any of her motives or purposes were related to fraud, the circuit court's decision was "against reason and evidence," constituting an abuse of discretion. *See supra* ¶ 11; *Gross v. Gross*, 355 N.W.2d 4, 7 (S.D. 1984).

[¶51.]    With respect to frivolousness, the circuit court reasoned that Arla gave honest testimony at her deposition and she "may have thought that she had a justifiable claim." But Arla did not claim that she honestly believed a state of facts that ultimately proved untrue in discovery. Therefore, Arla's honesty and candor in discovery were irrelevant to the question whether, at the time the suit was filed, her suit was frivolous. Further, as the majority and special concurrence correctly note, in this case the test for frivolousness is an objective one measured by what a reasonable person would have believed. *See supra* ¶ 12 (quoting *Citibank*, 2003 S.D. 99, ¶ 31, 668 N.W.2d at 537 (stating "there must be such a deficiency in fact or law that no reasonable person could expect a favorable judicial ruling")); special concurrence ¶ 34 (objective reasonableness should be examined at the time the questionable pleading was submitted). The circuit court's reliance on Arla's subjective beliefs and honesty in discovery was erroneous as a matter of law. An error of law constitutes an abuse of discretion. *Credit Collection Servs., Inc. v.*

*Pesicka*, 2006 S.D. 81, ¶ 5, 721 N.W.2d 474, 476; *Cooter*, 496 U.S. at 405, 110 S. Ct. at 2461 ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.").

[¶52.]     This is not a case involving hindsight review of frivolousness and maliciousness following unexpected turns in the course of Arla's lawsuit. Arla did not argue that she had a good faith, anticipated factual claim that proved unsuccessful in the course of discovery. She was also unable to make any good faith argument on the merits, and she made no argument for an extension or reversal of existing law. Further, although this case does not raise any question concerning trial counsel's conduct, the case does not involve ingenuity in advocacy or an attempt to develop the law. This is a case where "the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether . . . the rule of law as applied to the established facts is or is not [favorably satisfied]." *See In re Dorsey & Whitney Trust Co.*, 2001 S.D. 35, ¶¶ 5-6, 623 N.W.2d 468, 471. Because Arla's undisputed testimony clearly reflects that at the time she filed her pleadings she possessed absolutely no factual basis for her claim of fraud, and because not one of Arla's motives or purposes for suing related to fraud, I would reverse and remand for the award of a reasonable attorney's fee.

[¶53.]     WILBUR, Justice, joins this dissent.